GERARD COOPER, a Minor, by Luella Cooper, his Mother and Next Friend, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (3rd Division)   No. 1—90—1200

■

Opinion filed December 27, 1991.

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford, Keith A. Hebeisen, Susan A. Capra, and Robert P. Sheridan, of counsel), for appellant.

William H. Farley, Jr., of Chicago Transit Authority, and Flynn, Murphy & Ryan, both of Chicago (Richard T. Ryan and Mark F. Smolens, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Gerard Cooper appeals an order granting defendant's section 2—619 motion to dismiss (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), which was based upon a retroactive application of the 1985 amendments to the Metropolitan Transit Authority Act (Act) (Ill. Rev. Stat. 1985, ch. 111⅔, par. 327) and applied to injuries suffered when plaintiff was attacked by other passengers as he rode a Chicago Transit Authority (CTA) bus in December 1983.

On the evening of December 31, 1983, as plaintiff and his uncle waited for a CTA bus on South Michigan Avenue, a group of youths demanded money from them. Plaintiff and his uncle refused and walked down the street to another bus stop. When the two did board a CTA bus, they found that the youths had already boarded the same bus at a previous stop. The youths immediately began to beat plaintiff. Plaintiff called for help for approximately five minutes while they beat him. Thereafter, they began to stab him.

Plaintiff filed suit in March 1984 against the CTA for injuries he had received, alleging that the CTA breached its duty to take action to protect a paying passenger. Pretrial activity proceeded until March 1990 when the CTA filed a motion for judgment on the pleadings, pursuant to section 2—615(e), because of a 1985 amendment to the Metropolitan Transit Authority Act providing that the CTA is not liable for the commission of crimes by third parties or passengers.

The trial court granted defendant's motion, later amending the order on defendant's motion to withdraw its answer and dismiss plaintiff's suit pursuant to section 2—619.

Plaintiff argues on appeal that the trial court erred in finding that amended section 27 of the Metropolitan Transit Authority Act applied retroactively to justify dismissal of his complaint.

Plaintiff argues that the trial court's interpretation of the Act was erroneous in two ways: (1) the court mistook the nature of the immunity created by the Act, and (2) the enactment of the amended statute postdates both the injury and the filing of plaintiff's suit.

The Act delineates the CTA's liability as such:

"Neither the Authority, the members of its Board nor its officers or employees shall be held liable for failure to provide a security or police force or, if a security or police force is provided, for failure to provide adequate police protection or security, failure to prevent the commission of crimes by fellow passengers or other third persons or for the failure to apprehend criminals." Ill. Rev. Stat. 1985, ch. 111²/₃, par. 327.

Plaintiff first argues that the plain language of the Act does not immunize the CTA from plaintiff's allegations. Plaintiff argues that he has not alleged that the CTA was negligent in failing to provide security forces, or that security provided was inadequate. Plaintiff contends that his allegation that the CTA's bus driver breached a duty to assist him is distinguishable from the immunities enumerated in the statute. Plaintiff argues that the statute should be read narrowly to cover only situations specifically within its ambit.

Defendant argues, and we agree, that plaintiff's claim falls within the purview of immunity provided by the statute. The supreme court in *Bilyk v. Chicago Transit Authority* (1988), 125 Ill. 2d 230, 531 N.E.2d 1, interpreted legislative intent to immunize the CTA from tort liability for *any* failure to protect passengers from the criminal acts of third parties. (*Bilyk*, 125 Ill. 2d at 234, 238.) The statute's intent is to insure that CTA funds are spent on public transportation services and not on private damage claims by passengers injured by the criminal acts of third parties. (*Bilyk*, 125 Ill. 2d at 238.) This amendment to the statute was found constitutional by the *Bilyk* court. *Bilyk*, 125 Ill. 2d 230.

Plaintiff also contends that the trial court's dismissal of its complaint was erroneous because the injury and the filing of suit predate the statutory amendment. We agree, based upon this court's decisions in *Hopkinson v. Chicago Transit Authority* (1991), 211 Ill. App. 3d 825, 570 N.E.2d 716, and *Young v. Chicago Transit Authority* (1990), 209 Ill. App. 3d 84, 568 N.E.2d 18, *appeal denied* (1991), 139 Ill. 2d 606, 575 N.E.2d 925.

The trial court granted defendant's section 2—619 motion on April 12, 1990, and the order was entered *nunc pro tunc* to March 28, 1990, eight months before the trial court had the benefit of the *Young* decision.

The issue and arguments in this case are nearly identical to those in *Young* and *Hopkinson*. Those courts found that the amendment to the statute did not apply retroactively since it effected a substantive change and the plaintiffs had a substantive common law right of action against the CTA prior to the amendment at the time of their injuries. *Hopkinson*, 211 Ill. App. 3d at 835-36; *Young*, 209 Ill. App. 3d at 91-94.

■ Those courts recognized that prospective application of a statute is preferred (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034) and a statutory amendment creates a presumption of intent for prospective application where the change is substantive and not procedural. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 309, 522 N.E.2d 1195, 1198; see *Hopkinson*, 211 Ill. App. 3d at 835; *Young*, 209 Ill. App. 3d at 89.) The presumption may be rebutted in several ways: (1) the express language of the amendment, (2) "necessary implication," (3) demonstrating that the amendment merely affects the remedy, or (4) demonstrating that the amendment merely affects procedural matters. *Rivard*, 122 Ill. 2d at 309-10.

■ However, we agree with the *Hopkinson* and *Young* courts that this amendment is substantive in nature, not procedural, and that at the time of the injury, plaintiff had a vested common law right of action against the CTA. (*Hopkinson*, 211 Ill. App. 3d at 835-36; *Young*, 209 Ill. App. 3d at 91-94.) Also, there is neither express language in the amendment that makes any reference to a retroactive intent, nor is there any "necessary implication" of retroactivity. *Young*, 209 Ill. App. 3d at 89; *Hopkinson*, 211 Ill. App. 3d at 836.

If the legislature had intended the amendment to be retroactive, it could have expressly stated that intent. (*Young*, 209 Ill. App. 3d at 89.) We also find no retroactive application by necessary implication since that phrase refers to a logical necessity, meaning that no other interpretation is permitted by the words of the statute, which is not how this amendment has been or might reasonably be interpreted. *Hopkinson*, 211 Ill. App. 3d at 836; *Young*, 209 Ill. App. 3d at 89.

For all of the foregoing reasons, the trial court's decision is reversed.

Reversed.

CERDA, P.J., and TULLY, J., concur.