HAROLD R. MANDEVILLE, Plaintiff-Appellee and Cross-Appellant, v. VIRGINIA TRUCANO *et al.*, Defendants-Appellants and Cross-Appellees (Collinsville Board of Fire and Police Commissioners, Intervenor-Appellant and Cross-Appellee).

Fifth District   No. 5—90—0550

Opinion filed February 6, 1992.—Rehearing denied March 30, 1992.

Dwight Taylor, of Collinsville, for appellant Board of Fire and Police Commissioners of City of Collinsville.

Martin J. Haxel, of Coppinger, Carter, Schrempf & Blaine, Ltd., of Alton, for other appellants.

William C. Evers III, of Collinsville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

On December 28, 1989, the plaintiff, Sergeant Harold Mandeville, received a suspension notice from Collinsville Police Chief David Niebur for allegedly mishandling an automobile accident which occurred December 17, 1989. This notice stated that the suspension would not be implemented if the plaintiff accepted a voluntary, permanent demotion to detective. The notice also warned that if a similar deficiency in job performance occurred in the future, the chief would seek the plaintiff's dismissal.

The plaintiff proceeded to work his regularly scheduled shift from 10 p.m. that evening until 6 a.m. the following day. At the end of his shift the plaintiff prepared a memo to Chief Niebur outlining his dissatisfaction with the options left him in the notice of suspension and expressing his intention to resign from the department January 12, 1990. The memo also contained the plaintiff's intention to use his remaining two weeks of vacation between that point in time and January 12, 1990.

Upon receiving the memo, Chief Niebur contacted the Board of Fire and Police Commissioners of the City of Collinsville to inform them of the plaintiff's resignation and that a sergeant's vacancy existed. The plaintiff did not appear for his scheduled shift December 29, 1989. On December 30, 1989, the plaintiff delivered a second letter to Chief Niebur stating he was not going to resign, and that he would appeal his suspension. The letter also read that the plaintiff would continue his vacation, unless otherwise directed, and report for his regular shift on January 12, 1990.

On January 2, 1990, Commissioner Michael Fischer sent a note to Chief Niebur instructing the chief to assign the plaintiff back to his regular shift and stating that he would not declare a vacancy in the department as the matter needed to be reviewed.

On January 10, 1990, the Board of Fire and Police Commissioners held a meeting to consider the plaintiff's appeal of his suspension. The plaintiff was absent, but his attorney, Mr. Charles Evers, was present. Although no evidence was presented, the board did hear argument from Mr. Evers on the plaintiff's behalf. The board concluded that the plaintiff had resigned, and therefore, any appeal of his suspension was moot. On January 12, 1990, the plaintiff appeared at the police station for work, but he was informed by Chief Niebur that he was no longer employed there.

The plaintiff did not appeal the board's decision pursuant to the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*). Instead, the plaintiff filed an action in the circuit court of Madison County seeking declaratory relief and a writ of *mandamus*. An advisory jury verdict found that the plaintiff had not resigned, and the trial court ordered immediate reinstatement. A subsequent order was entered requiring the city to pay the plaintiff his back pay. On appeal the defendants allege that the trial court lacked subject matter jurisdiction because the plaintiff failed to appeal the board's original findings. Defendants contend that as a result of the lack of subject matter jurisdiction the trial court's orders were void.

■ Pursuant to section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—17), the City of Collinsville's Board of Fire and Police Commissioners has the authority to hold hearings in order to investigate matters relating to removal or discharge of policemen and firemen. (*Foster v. Board of Fire & Police Commissioners* (1980), 81 Ill. App. 3d 48, 50, 400 N.E.2d 1089, 1090.) The statute also contains a provision expressly adopting the Administrative Review Law to judicially review the final administrative decisions of the board of fire and police commissioners.

■ The plaintiff argues that the board did not have the authority to decide the issue of whether or not the plaintiff had resigned, and its decision as such was void. We disagree. Prior to addressing the issue of the suspension, the board first had to rule on the issue of the resignation. Only then could it conclude whether or not it had jurisdiction to consider the plaintiff's appeal of his suspension. The board held the resignation was effective and thus the suspension was moot. (*Weber v. Board of Fire & Police Commissioners* (1990), 204 Ill. App. 3d 358, 360, 562 N.E.2d 318, 320.) Such a finding was prerequisite to any section 10—2.1—17 hearing being held under the circumstances. The issue of resignation was "closely related" to the issues of removal or discharge in the present case and therefore was covered by the statute. *Foster*, 81 Ill. App. 3d 48, 400 N.E.2d 1089.

The plaintiff also claims that an appeal pursuant to the Administrative Review Law was not necessary as no final administrative decision was rendered by the board.

■ Where it is expressly adopted, the Administrative Review Law is the exclusive method of review. (*Mason v. Board of Trustees of Southern Illinois University* (1984), 125 Ill. App. 3d 614, 617, 466 N.E.2d 365, 367.) Section 10—2.1—17 expressly adopts the Administrative Review Law for judicial review of final administrative deci-

sions of the board of fire and police commissioners. An administrative decision is defined as:

> "[A]ny decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." Ill. Rev. Stat. 1989, ch. 110, par. 3—101.

On January 10, 1990, the board concluded that it could not consider any appeal of the plaintiff's suspension because he had resigned. This decision was reached after a meeting was convened by the board and arguments were heard on behalf of the plaintiff by his counsel. We find that this constituted a final administrative decision as it affected the legal rights, duties and privileges of the plaintiff and terminated the proceedings before the board.

Thus, as a final administrative decision, the holding by the board was reviewable only by means of the Administrative Review Law. (*Mason v. Board of Trustees of Southern Illinois University* (1984), 125 Ill. App. 3d 614, 466 N.E.2d 365.) The failure to commence an administrative review action, where required, is jurisdictional, and the circuit court will have no subject matter jurisdiction to act. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893.) The lack of subject matter jurisdiction cannot be waived, and without it, the trial court has no authority to consider or act on a case before it other than to dismiss it. *Cahoon v. Alton Packaging Corp.* (1986), 148 Ill. App. 3d 480, 482, 499 N.E.2d 522, 523.

For the foregoing reasons, the judgment of the circuit court is vacated.

Vacated.

GOLDENHERSH, P.J., and LEWIS, J., concur.