DALE SCHICKEDANZ, Plaintiff-Appellant, v. THE CITY OF O'FALLON *et al.*, Defendants-Appellees.

Fifth District No. 5—91—0862

Opinion filed August 13, 1993.—Rehearing denied September 14, 1993.

Melroy B. Hutnick, of Belleville, for appellant.

Delmar O. Koebel, of Lebanon, for appellee City of O'Fallon.

Robert J. Sprague, of Sprague & Sprague, of Belleville, for appellees Board of Fire and Police Commissioners, Gene Nute, Linda Lang, and Russ Thoman.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Dale Schickedanz, appeals from a judgment of the circuit court of St. Clair County dismissing his complaint for *mandamus* for lack of subject matter jurisdiction. Plaintiff contends on appeal that the circuit court did have subject matter jurisdiction over the issue and erred in dismissing the complaint. We affirm.

Plaintiff applied for the position of patrolman with the City of O'Fallon police department. After completing the necessary tests and job requirements, plaintiff was put on the police patrolman final eligibility roster. When a position became vacant, the city did not hire plaintiff, and he was told that he would not be employed as a police officer. Plaintiff then filed a complaint for *mandamus* against defendants, City of O'Fallon, Mayor Kristi Vetri, Board of Fire and Police Commissioners (the Board), and Gene Nute, Linda Lang, and Russ Thoman, members of the Board, individually, seeking an order requiring the city and the Board to hire him as a police officer. Defendants filed motions to dismiss, and the trial court dismissed the action with prejudice, stating that the court lacked subject matter jurisdiction over the action. The court further stated that administrative review was the proper procedure to attack a decision of the Board.

■ Plaintiff argues that we should follow the holding of the Appellate Court, Second District, that the only administrative decisions of the Board to which administrative review law would apply are those relating to removal or discharge of members of fire and police departments. (See *Foster v. Board of Fire & Police Commissioners* (1980), 81 Ill. App. 3d 48, 400 N.E.2d 1089; *Barrows v. City of North Chicago* (1975), 32 Ill. App. 3d 960, 336 N.E.2d 596.) After a thorough analysis of the applicable principles of law, however, we decline to do so. Section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—17) provides that the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*) shall apply to and govern all the proceedings for judicial review for the final administrative decisions of the Board of Fire and Police Commissioners. In *Mandeville v. Trucano* (1992), 225 Ill. App. 3d 505, 588 N.E.2d 327, this court held that the statute expressly adopts the Administrative Review Law to review the final administrative decisions of the Board of Fire and Police Commissioners. (*Mandeville*, 225 Ill. App. 3d at 507, 588 N.E.2d at 329.) An administrative decision is defined as:

"[A]ny decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." Ill. Rev. Stat. 1989, ch. 110, par. 3—101.

■ It is undisputed that the Board notified plaintiff that he would not be hired. We find that this constituted a final administrative decision as it affected the legal rights, duties, and privileges of plaintiff, and there is no indication of any future proceedings before the Board on the issue of plaintiff's hiring. Therefore, the Board's decision not to hire plaintiff was reviewable only by the Administrative Review Law, and the trial court was correct in dismissing plaintiff's complaint for *mandamus*.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

CHAPMAN, P.J., and LEWIS, J., concur.