AGOSTINO SICILIANO, Plaintiff-Appellee, v. ILLINOIS RACING BOARD *et al.*, Defendants-Appellants.

First District (6th Division)   No. 1—92—4226

Opinion filed June 24, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General, of counsel), for appellants.

Edward Hanrahan, of Oak Park, for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Defendants appeal the reversal of a final administrative decision by the Illinois Racing Board (Board) which imposed a lifetime suspension of plaintiff's license to train race horses. On appeal, defendants contend that (1) the circuit court lacked authority to review the lifetime suspension imposed upon plaintiff in January 1987, and (2) the Board's imposition of a lifetime suspension for plaintiff's failure to guard against the administration of illegal drugs to his horses was supported by the manifest weight of the evidence.

The record reveals that on January 27, 1987, the stewards at Hawthorne Race Course issued a ruling which imposed a lifetime suspension of plaintiff's license to train race horses. The stewards' ruling was predicated upon a report by the Illinois Racing Board laboratory that an analysis of 21 urine specimens obtained from horses

trained by plaintiff revealed the presence of Etorphine, a controlled substance. After a stewards' inquiry and upon consideration of the evidence presented, the stewards determined that plaintiff had committed 21 violations of Illinois Racing Board Rule C9.20, which provides as follows:

> "Every trainer has the duty to guard or cause to be guarded each horse trained by him/her in such a manner as to prevent any person, including his/her veterinarian, from administering to such horse any foreign substance in violation of these rules."

In addition to the lifetime suspension, the stewards' ruling permanently excluded plaintiff from all racing facilities and wagering locations under the Board's jurisdiction.

Plaintiff did not challenge the stewards' ruling or request a hearing before the Board.

In 1989, plaintiff applied for a trainer's license from the Board. On December 27, 1989, the stewards at Maywood Park Race Track denied plaintiff's application based upon (1) the prior ruling issued January 27, 1987, imposing a lifetime suspension for the presence of Etorphine, (2) a 30-day suspension of plaintiff's license on December 8, 1984, for the presence of Isopyrin/Ampyrone, and (3) the exclusion of plaintiff from all Illinois Racing Board tracks on September 18, 1986, for the presence of Etorphine. The December 1989 ruling stated further that the stewards recommended that all future applications by plaintiff be denied and that the ruling of January 27, 1987, remain in effect.

Plaintiff challenged the stewards' ruling of December 27, 1989, and requested a hearing before a hearing officer appointed by the Board. At the hearing, plaintiff appeared and was represented by counsel. Plaintiff argued that the lifetime suspension should be rescinded because it imposed great economic hardship upon him and because he had been treated unfairly in light of the penalties imposed upon other trainers whose horses had also tested positively for illegal substances. The Board's representative argued that there had been no change in plaintiff's circumstance since the lifetime suspension was imposed in 1987, and there was no reason to restore plaintiff's license.

Upon review of the transcript of proceedings, the exhibits admitted into evidence, and the closing arguments of counsel, the Board issued a decision on June 13, 1990, ordering that the lifetime suspension of plaintiff's license shall remain in effect and that plaintiff shall be excluded from all grounds and racetracks under the jurisdiction of the Board for the duration of his natural life.

On June 29, 1990, plaintiff filed a complaint for administrative

review of the Board's decision. In this complaint, plaintiff requested judicial review of the final administrative decision which imposed the lifetime suspension of plaintiff's license to train race horses. In the memorandum filed in support of his complaint for administrative review, plaintiff asserted that the lifetime suspension of his license was overly harsh, that he had not been found guilty of having administered the illegal substances to the 21 horses trained by him, and that he had suffered great economic hardship as a result of the suspension. The Board argued that mere economic loss was not a sufficient basis for rescission of the lifetime suspension imposed by the stewards' ruling.

On May 2, 1991, the circuit court reversed the order of the Board and remanded the cause back to the Board for imposition of a lesser penalty. The reversal of the decision of the Board was predicated upon the circuit court's determination that the lifetime suspension penalty imposed upon plaintiff was too harsh. The circuit court subsequently denied defendants' motion for reconsideration of its ruling.

Upon remand, the Board issued a decision on November 13, 1991, which again imposed a lifetime suspension, or, in the alternative, imposed 21 two-year suspensions for an aggregate suspension of 42 years. Plaintiff filed a complaint for administrative review of the November 13, 1991, decision of the Board, and on October 28, 1992, the circuit court again reversed the order of the Board.

Plaintiff immediately applied for a new license, but his application was denied. Plaintiff thereafter filed a motion for a rule to show cause. The circuit court entered the rule to show cause why defendants should not be held in contempt for failure to comply with the court's order of October 28, 1992. The rule was returnable on December 28, 1992, and defendants filed their notice of appeal on November 25, 1992. A stay of enforcement was entered by the supreme court on January 25, 1993.

Defendants initially contend that the lifetime suspension imposed upon plaintiff through the stewards' ruling issued in January 1987 was not properly before the circuit court, and the court lacked authority to review this penalty.

■ Where it is expressly adopted, the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)) is the exclusive method of review of the decisions of administrative agencies. (*Mandeville v. Trucano* (1992), 225 Ill. App. 3d 505, 507, 588 N.E.2d 327.) Section 46 of the Illinois Horse Racing Act of 1975 expressly adopts the Administrative Review Law for judicial review of final administrative decisions of the Board. (230 ILCS 5/46 (West 1992).) Consequently,

the imposition of the lifetime suspension of plaintiff's license was subject to review only by means of the Administrative Review Law. (*Coleman v. Illinois Racing Board* (1988), 124 Ill. 2d 218, 225, 529 N.E.2d 520; *Mandeville*, 225 Ill. App. 3d at 508.) Because the 35-day filing period prescribed in the Administrative Review Law is an inherent element of a statutorily created right unknown to common law, it is jurisdictional. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 209-10, 486 N.E.2d 893.) Consequently, the failure to timely commence an administrative review action within 35 days of the final administrative decision deprives the circuit court of subject matter jurisdiction. *Fredman Brothers Furniture Co.*, 109 Ill. 2d at 211; *Mandeville*, 225 Ill. App. 3d at 508.

■ The Administrative Review Law defines an administrative decision as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." (735 ILCS 5/3—101 (West 1992).) The stewards' ruling issued on January 27, 1987, clearly affected the legal rights and privileges of the plaintiff, and he did not exercise his right to request a hearing *de novo* before the Board within five days of the stewards' ruling as allowed under section 16(c) of the Horse Racing Act. (230 ILCS 5/16(c) (West 1992).) Plaintiff's failure to challenge the stewards' ruling rendered it a final administrative decision. See 11 Ill. Adm. Code §§ 502.50, 502.104(a)(3) (1992).

It is undisputed that plaintiff did not seek timely review of the stewards' ruling under the Administrative Review Law. Consequently, the circuit court lacked jurisdiction to review the penalty imposed by that ruling, and the propriety of the lifetime suspension was not before the court. Because it was within the Board's discretion to refuse plaintiff's 1989 application based upon the previously imposed suspension (230 ILCS 5/15(c)(4) (West 1992); 11 Ill. Adm. Code § 502.104(a)(3) (1992)), the circuit court erred in reversing the decision of the Board. The circuit court had jurisdiction to review only the Board's denial of plaintiff's 1989 request for a new license, and the only matter which plaintiff could properly bring before the court would be a ruling by the Board on a subsequent application.

For the foregoing reasons, the order of the circuit court of Cook County is reversed.

Reversed.

McNAMARA and RAKOWSKI, JJ., concur.