CRAIG STRAUB, Plaintiff-Appellant, v. NIKKI ZOLLAR, Director, The Department of Professional Regulation, Defendant-Appellee.

First District (3rd Division)    No. 1—94—2367

Opinion filed March 20, 1996.—Rehearing denied March 22, 1996.

Craig Straub, of Chicago, appellant *pro se.*

James E. Ryan, Attorney General, of Chicago (John P. Schmidt, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff appeals from the dismissal of his complaint for administrative review from a decision by the Department of Professional Regulation (Department) suspending his license to practice dentistry. Plaintiff maintains that the circuit court erred in: (1) determining that his failure to name the Department in his complaint for administrative review was a fatal defect; (2) failing to retroactively apply the amendment to the relevant statute which would have permitted him additional time to name the necessary parties; (3) failing to default the named Department Director, who had not filed her appearance within the specified time; and (4) denying his motion for a stay of the license suspension pending the court's consideration of the merits of this case. Plaintiff also ascribes error to the hearing officer and the Director in their handling of the substantive matter pertinent to his case. We affirm.

The record shows that on June 10, 1987, plaintiff, a dentist licensed to practice in Illinois, entered a consent order with the Department concerning allegations that he had furnished services of a grossly inferior quality to public aid recipients and had failed to record his diagnoses of their conditions and medical history or the treatment he had rendered or prescribed. Pursuant to the consent order, plaintiff was placed on probationary status and required to complete 100 hours of continuing education courses in the area of record keeping and practice management subject to the special conditions set forth in the order.

On February 14, 1991, the Department filed a complaint against plaintiff alleging that he had not successfully complied with the consent order during the probationary period and sought the revocation or suspension of his license. Plaintiff disputed the allegations

and a hearing was held before the Board of Dentistry (Board) of the Department on December 23, 1991. In that proceeding, plaintiff testified to the courses and seminars he had taken to fulfill the conditions of the consent order, including the attainment of a master of business administration degree from DePaul University. He also documented his attempts to obtain approval for some of the courses in that curriculum and those in other venues to be applied to the requirements of the consent order.

The Board considered the evidence and arguments presented, then determined that plaintiff's failure to comply with the conditions of the consent order constituted improper, unprofessional and dishonorable conduct in violation of the Illinois Dental Practice Act (225 ILCS 25/1 *et seq.* (West 1992)). On September 22, 1992, the Board recommended to the Director of the Department that plaintiff's license be suspended until he had successfully completed the requirements specified in the consent order. This recommendation was signed by the chairman and the members of the Board.

Plaintiff challenged this recommendation in a motion for rehearing filed on December 1, 1992. Then, after several exchanges with the Department, the Director denied plaintiff's request. On June 3, 1993, the Director entered an order adopting the findings of fact, conclusions of law and the recommendation of the Board and suspended plaintiff's license pending the completion of the education requirements set forth in the consent order.

On July 8, 1993, plaintiff filed a complaint for administrative review of this decision naming as the sole defendant the Director, who was served with summons. When the Director failed to file an answer or appearance within 35 days after the issuance of this summons, plaintiff filed a motion for default. The court denied that motion on September 13, 1993, and allowed the Director to file an appearance in the case. On the following day, the Director filed a motion to dismiss plaintiff's complaint based on his failure to comply with section 3—107 of the Administrative Review Law (Review Law) (735 ILCS 5/3—107 (West 1992)), which required him to name and serve all parties of record within 35 days of the entry of the order. The Director maintained that the Department was a party of record, and since plaintiff had not named or served it, his complaint should be dismissed with prejudice.

Plaintiff responded with a motion to stay the suspension pending a final decision by the circuit court. He subsequently filed a motion for a ruling on his request, but the court denied it on May 9, 1994, and suggested that he bring up the matter on the hearing date.

In the interim, plaintiff filed an amended complaint alleging that

the section of the Dental Practice Act which formed the basis of his suspension was unconstitutionally vague and unenforceable. He also maintained in an amended supplemental response to the Director's motion to dismiss that the Director was the only necessary party of record. In another amended supplemental response filed on May 10, 1994, plaintiff noted that the applicable statute had been amended to allow plaintiff an additional 21 days to serve unnamed parties of record.

The Director replied that this amendment was inapplicable to the case at bar. A hearing was held on June 6, 1994, and two weeks later the court granted the Director's motion to dismiss with prejudice. In announcing its decision, the court noted that the Department had been named twice in the suspension order and that plaintiff's failure to name and serve the Department required that his complaint for administrative review be dismissed.

■ Where expressly adopted, the Review Law is the exclusive method of reviewing the decision of an administrative agency. *Siciliano v. Illinois Racing Board*, 264 Ill. App. 3d 1085, 1087, 637 N.E.2d 612, 614 (1994). In this case, the Dental Practice Act expressly provides that all final administrative decisions of the Department are subject to judicial review pursuant to the provisions of the Review Law. 225 ILCS 25/32 (West 1992). Thus, the suspension of plaintiff's license to practice dentistry was reviewable only through the Review Law. *Siciliano*, 264 Ill. App. 3d at 1088, 637 N.E.2d at 614.

The relevant sections of the Review Law in effect at the time plaintiff filed his complaint for administrative review were sections 3—102, 3—103, and 3—107. *Gilty v. Village of Oak Park Board of Fire & Police Commissioners*, 218 Ill. App. 3d 1078, 1083, 578 N.E.2d 1294, 1298 (1991). The scope of the Review Law as defined in section 3—102 provides, in pertinent part:

> "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3—102 (West 1992).

Sections 3—103 and 3—107 set forth the requirements for commencing an action and who shall be named as defendants:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of a summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." 735 ILCS 5/3—103 (West 1992).

> "[I]n any action to review any final decision of an administra-

tive agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3—107 (West 1992).

▉ In *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 353, 549 N.E.2d 1266 (1990), the supreme court observed that the Review Law is a departure from common law and that strict adherence to its procedures is required in order to justify its application. Consistent with that objective and the application of the provisions of the Review Law, the supreme court in *Lockett* held that the naming of parties specified in section 3—107 and the interrelated requirement for the issuance of summons to those parties within the time specified in section 3—103 are mandatory and specific and admit of no modification. *Orlowski v. Village of Villa Park Board of Fire & Police Commissioners*, 273 Ill. App. 3d 42, 47, 652 N.E.2d 366, 369 (1995), citing *Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268.

Accordingly, the court in *Lockett* upheld the dismissal of plaintiff's complaint for administrative review where plaintiff had failed to name as a defendant in his complaint, or serve, the superintendent, who had been a party to the proceedings. *Lockett* 133 Ill. 2d at 355-56, 549 N.E.2d at 1269. In *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 12, 649 N.E.2d 404, 410 (1995), the supreme court reaffirmed the strict compliance standard enunciated in *Lockett*, and held that it applied equally as well to actions brought under Supreme Court Rule 335 (134 Ill. 2d R. 335), which governs direct review of administrative orders in the appellate court.

With these principles in mind, we turn to the facts of this case, which show that both the Director and the Department were parties of record to the proceedings which resulted in the order of suspension. Under the clear, unambiguous language of the Review Law, and as interpreted by the supreme court in *Lockett* and *McGaughy*, both were necessary parties to the administrative review sought, and plaintiff was required to name and serve them in the manner indicated.

▉ The fact that the Director acted as the final decision maker and signed the order did not relieve plaintiff of the statutory mandate to name and serve all parties of record, including the Department (see *Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1268), for regardless of any purported notice or similarity of interests, the Director and the agency are considered separate and distinct entities under the Review Law. *Associated General Contractors v. Chun*, 245 Ill. App. 3d 750, 754-56, 615 N.E.2d 386, 389-90 (1993) (and cases cited therein). Since plaintiff failed to comply with the specific requirements of the joinder

and service of summons provisions of the Review Law, we conclude that the court correctly found that plaintiff was barred from obtaining review of the decision of the Department and properly dismissed his complaint with prejudice. See *Gilty*, 218 Ill. App. 3d at 1086, 578 N.E.2d at 1300; see also *Orlowski*, 273 Ill. App. 3d at 48, 652 N.E.2d at 370.

Plaintiff further maintains that the court erred in failing to retroactively apply the amendment to section 3—107, which could have provided him additional time to correct this defect. For the reasons which follow, we disagree.

■ Section 3—107(a), as amended, provides that the circuit court may, under certain circumstances, grant plaintiff an additional 21 days to serve unnamed necessary parties in administrative review proceedings. 735 ILCS 5/3—107(a) (West 1994); *McGaughy*, 165 Ill. 2d at 16, 649 N.E.2d at 412. This amendment took effect on January 1, 1994; defendant filed his complaint for review on July 8, 1993.

■ In *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 522 N.E.2d 1195 (1988), the supreme court set out the test for determining whether a statutory amendment was procedural or substantive and, correspondingly, whether it should be given retroactive or prospective effect. *Wanless v. Burke*, 253 Ill. App. 3d 211, 214, 625 N.E.2d 386, 388 (1993). The court in *Rivard* observed the general rule that an amendatory act will be construed as prospective, but recognized that this presumption may be rebutted by either the express language of the act or necessary implication that the legislature intended it to be so applied. *Rivard*, 122 Ill. 2d at 309, 522 N.E.2d at 1198. The court also noted, however, that the presumption of prospectivity does not apply to changes in procedure or remedies, and commented that the line of demarcation between the two is not always clear. *Rivard*, 122 Ill. 2d at 310, 522 N.E.2d at 1199. Amendments which change a statute of limitations are considered procedural and may be given retroactive effect. *Wanless*, 253 Ill. App. 3d at 215, 625 N.E.2d at 388-89. However, where a special limitation is included in a purely statutory cause of action, it operates as a limitation of the liability itself and not the remedy alone, and is a condition attached to the right to bring the action. *Demchuk v. Duplancich*, 92 Ill. 2d 1, 6-7, 440 N.E.2d 112, 115 (1982).

■ As noted, the Review Law is a creation of statute, rather than a derivation of the common law (*Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1267), and sets forth specific requirements for establishing the right to obtain judicial review of an administrative agency decision. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210-11, 486 N.E.2d 893, 896 (1985). Section 3—102 provides that

unless review is sought within the time and in the manner provided, it is barred. 735 ILCS 5/3—102 (West 1994). The amendment to section 3—107, which provides for an extension of time under certain circumstances, is directly related to the right to seek administrative review, and under the aforecited authority we deem it substantive rather than procedural.

In so deciding, we are not persuaded by plaintiff's argument that the legislature intended the amendment to be applied retroactively. See *American National Bank & Trust Co. v. Anchor Organization for Health Maintenance*, 210 Ill. App. 3d 418, 424, 569 N.E.2d 128, 132 (1991). If the legislature had so intended, it could have expressly stated that intent; and since it did not, and there is no necessary implication of such intent arising from the language employed, we find no reason to depart from the general rule of prospective application. See *Cooper v. Chicago Transit Authority*, 224 Ill. App. 3d 321, 325, 586 N.E.2d 575, 577 (1991).

■ We also find no error in the court's failure to default the Director when she did not file her appearance within the specified time. The Review Law provides that every appearance shall be filed within the time fixed by rule of the supreme court. 735 ILCS 5/3—106 (West 1992). Rule 291 provides that defendant shall file an appearance not later than 35 days after the date of summons and that Rule 183 also applies to administrative review proceedings. 134 Ill. 2d Rs. 291(c), (d). Rule 183, in turn, provides that: "This court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleadings or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." 134 Ill. 2d R. 183. A decision in this regard rests within the discretion of the trial court, and it will not be reversed on review absent an abuse of discretion. *Hernandez v. Power Construction Co.*, 73 Ill. 2d 90, 95, 382 N.E.2d 1201, 1203 (1978).

Here, we find that the court acted within its sound discretion in permitting the Director to file a late appearance and a further motion to dismiss plaintiff's complaint. *Uretsky v. Baschen*, 47 Ill. App. 3d 169, 179, 361 N.E.2d 875, 883 (1977). In addition, we find that the court's action did not result in a violation of plaintiff's equal protection rights, as asserted, since this rule does not apply to the commencement of proceedings of administrative review, which is controlled by statute. See *In re Charges Against Crotty*, 115 Ill. App. 3d 248, 251, 450 N.E.2d 399, 401-02 (1983).

Having determined that the dismissal of plaintiff's complaint was proper, we need not address the issues raised by defendant which pertain to the substantive matter of the disciplinary proceedings, or

the requested stay of suspension which was rendered moot by the entry of the court's decision. See *People v. Boclair*, 119 Ill. 2d 368, 372-73, 519 N.E.2d 437, 438-39 (1987).

The judgment of the circuit court is therefore affirmed.

Affirmed.

TULLY and CERDA, JJ., concur.