THOMPSON ELECTRONICS COMPANY, Plaintiff-Appellant, v. EASTER OWENS/INTEGRATED SYSTEMS, INC., *et al.*, Defendants-Appellees.

Third District No. 3—98—0346

Opinion filed November 6, 1998.

HOLDRIDGE, J., dissenting.

Jeffrey E. Krumpe (argued), Daniel G. O'Day (argued), and Michael A. Fleming, all of Cusack, Fleming, Gilfillan & O'Day, P.C., of Peoria, for appellant.

Daniel C. Shapiro (argued), of Moss & Bloomberg, Ltd., of Bolingbrook, for appellee Easter Owens/Integrated Systems, Inc.

James E. Egan, of Joliet, for appellee Will County Public Building Commission.

JUSTICE BRESLIN delivered the opinion of the court:

We are asked to determine whether the Private Detective, Private Alarm, Private Security and Locksmith Act of 1993 (Act) (225 ILCS 446/1 *et seq.* (West 1996)) requires a private alarm contractor to be licensed at the time the contractor bids on a project. We must also consider whether the Will County Public Building Commission (Commission) abused its discretion in letting a bid to Integrated Systems, Inc. (ISI), an unlicensed alarm contractor, as the lowest responsible bidder. The trial court determined that a license is not required at the time of bidding and that the Commission's decision to award the project to ISI was not an abuse of discretion. We agree and affirm.

## BACKGROUND

In July of 1997, the Commission advertised for bids for the performance of work relative to a security communications system for a new juvenile justice center. Among others, Thompson Electronics and ISI received bid specifications and bid on the project. The Commission's bid package provided, in part: "The eligibility of each trade contractor will be determined upon past experience, trade references, bonding capacity, current work capacity and financial stability." The specifications did not require that a bidder be an Illinois licensed private alarm contractor. A majority of the contractors who bid on the project, including ISI, were not licensed in Illinois at the time of bidding.

Prior to bidding on the Will County project, ISI installed security systems at public facilities in Kane and Lake Counties without a license. The record does not indicate whether it was known that ISI completed those projects without a license, but due to its work on those projects ISI was prequalified by a certified security consultant to bid on the Commission's project. At the time of bidding, ISI had over 40 years of experience and worked on hundreds of security system projects for various government facilities. Thompson Electronics bid $734,000 and ISI proposed a bid of $719,000. The Commission awarded ISI the project as the lowest responsible bidder.

Thompson Electronics filed a complaint for declaratory judgment in September 1997, seeking judicial review of the Commission's competitive bidding process and an injunction against ISI. ISI filed an appearance within 30 days and moved to dismiss Thompson Electronics's motion for a preliminary injunction. The trial court denied ISI's request and enjoined it from any further activity on the project until it obtained all the necessary licenses. Thereafter, Thompson Electronics agreed to extend the time in which ISI could file its answer to December 17. On December 30, ISI filed a request to file an answer *instanter*, which the trial court allowed over Thompson Electronics's objection.

In January 1998, ISI obtained its agency license through James Channel as its licensee in charge. After a full conference hearing on the matter, the Department of Professional Regulations (Department) granted ISI a license but fined the company $2,500 for each job it had previously performed in Illinois without certification. ISI filed an emergency motion before the trial court to lift the injunction based on its recently procured license. The court found that subsequent to the commencement of the lawsuit, ISI lawfully obtained a private alarm contractor's license. However, it denied ISI's request to remove the injunction, finding that ISI still needed to comply with the Act by certifying its branch offices and fulfilling the employee registration card and training requirements.

After denying both parties' separate motions for summary judgment, a bench trial was held in March. At the conclusion of the trial, the court held: (1) at the time the Commission accepted ISI's bid, it was not licensed under the Act; (2) the Commission's bid specifications did not specifically require that bidders be licensed at the time of bidding; (3) the bid specifications did not contain an implied requirement that bidders be licensed; (4) section 20 of the Public Building Commission Act (Code) (50 ILCS 20/20 (West 1996)) requires that the Commission let the contract to the lowest responsible bidder; and (5) there was no evidence to support Thompson Electronics's contention that the Commission abused its discretion in letting the bid to ISI. The trial court denied Thompson Electronics's request to be declared the lowest responsible bidder. In the final order the court incorporated its original injunction that required ISI to comply with the Act prior to commencing work. Thompson Electronics's appeal follows.

## DISCUSSION

The first issue on appeal is whether the Act requires that a private alarm contractor be licensed in Illinois at the time it bids on a project.

■ Section 15(b) of the Act states:

"It is unlawful for a firm association, or corporation to act as an agency certified under this Act, to advertise or assume to act as a certified agency, or to use any other title implying that the firm *** is engaged in the practice as a *** private alarm contractor agency *** unless certified by the Department." 225 ILCS 446/15(b) (West 1996).

Section 5 defines a "private alarm contractor" as "any person who engages in a business that sells, installs, monitors, maintains, alters, repairs, replaces, services, or responds to alarm systems." 225 ILCS 446/5 (West 1996).

■ The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Doyle Plumbing & Heating Co. v. Board of Education, Quincy Public School District No. 172*, 291 Ill. App. 3d 221, 683 N.E.2d 530 (1997). The legislature's intent is best demonstrated by the language of the statute itself. *Dollieslager v. Hurst*, 295 Ill. App. 3d 152, 691 N.E.2d 1181 (1998). When construing the language of a statute, the court should consider the plain and ordinary meaning of the statute's language in the overall context of its reason and necessity and its stated purpose. *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n*, 282 Ill. App. 3d 672, 669 N.E.2d 628 (1996). This court reviews matters involving statutory construction as a question of law to be decided independent of the trial court's determination. *A.B. Dick Co. v. McGraw*, 287 Ill. App. 3d 230, 678 N.E.2d 1100 (1997).

Thompson Electronics contends that the Act must be read to require a license at the time of bidding on a job or, at the very latest, at the time the bidder is recognized as the lowest responsible bidder. It claims that by bidding ISI was selling, advertising or assuming to act as a certified agency which it cannot lawfully do unless it is licensed by the Department. We disagree.

■ Unless omitted through legislative oversight, we are not permitted to add words to a statute that have not been included. *In re Objection of Cook*, 122 Ill. App. 3d 1068, 462 N.E.2d 557 (1984). Here, the legislature included several activities for which a license would be required under the Act. Those activities do not include the act of bidding. Had the legislature intended the licensure requirement to encompass the process of bidding on a project, it could have included a statement in section 15(b) of the Act that contractors shall not bid on a project without first obtaining a license. Or it could have included a provision within the definition of an alarm contractor that included the act of bidding. It did neither. Applying the language employed, there is no clear intent that the legislature wished private alarm contractors to be licensed prior to bidding. Given the state of interstate commerce in this modern age, it would be inappropriate to restrict free and open competition by demanding a license prior to bidding unless the legislature specifically required one. Such an interpretation is supported by the fact that a majority of the bidders on the Will County project were not licensed at the time they submitted a bid.

■ Thompson Electronics relies heavily on the case of *Urbatec v. Yuma County*, 614 F.2d 1216 (9th Cir. 1980), to support its position that the Act requires contractors to obtain a license prior to bidding on a project in Illinois. We find that case unpersuasive.

In *Urbatec* a California corporation, unlicensed as a contractor in Arizona, sued Yuma County for breach of contract. In its analysis the court recognized that the applicable statute stated: "It is unlawful for a person *** to engage in the business, act, or offer to act in the capacity *** of a contractor without having his own license." (Emphasis omitted.) *Urbatec*, 614 F.2d at 1217. It also acknowledged that the Arizona legislature defined a "contractor" as a person "who undertakes to or offers to undertake to, or purports to have the capacity to undertake to, or *submits a bid to* *** construct, alter, repair *** any building." (Emphasis in original and omitted.) *Urbatec*, 614 F.2d at 1217. In noting the specific wording of the statute, the court held that an alarm contractor was required by Arizona law to have a contractor's license prior to submitting its proposal. *Urbatec*, 614 F.2d at 1217. The statute in this case does not specifically provide that a contractor must

have a license to bid. Accordingly, we hold that the plain language of the Act does not require that a private alarm contractor obtain a license before it is eligible to bid on a project.

Because we decline to interpret the Act as requiring a license to bid, we must consider Thompson Electronics's alternative argument—that the Commission's finding that ISI was the lowest responsible bidder was an abuse of discretion.

■ The Public Building Commission Act (50 ILCS 20/1 *et seq.* (West 1996)) provides that all contracts let for the construction of any building at an amount in excess of $5,000 "shall be let to the lowest responsible bidder." 50 ILCS 20/20 (West 1996). A public entity exercises a great deal of discretion in determining the lowest responsible bidder. *Court Street Steak House, Inc. v. County of Tazewell*, 163 Ill. 2d 159, 643 N.E.2d 781 (1994). But upon review, a court may reverse the public body's determination if the plaintiff proves fraud, lack of authority, unfair dealing or similar arbitrary conduct. *S.N. Nielsen Co. v. Public Building Comm'n*, 81 Ill. 2d 290, 410 N.E.2d 40 (1980).

Thompson Electronics claims that ISI was not the lowest *responsible* bidder because it was not licensed and could not immediately perform the contract if chosen.

■ Initially, we acknowledge that ISI was not licensed when it performed contracting work on two other projects in Illinois. While we do not condone such activity without the proper certification, it is the responsibility of the Department to reprimand violators of the Act. See 225 ILCS 446/20 (West 1996). And in this case the Department fined ISI accordingly. Moreover, the bid specifications in this case did not require any permits or licenses to be submitted at any time before the execution of the contract. The qualifications provided for determining eligibility were trade experience, past references and financial stability. The record shows that prior to bidding on the Will County project, ISI received prequalification approval from an Illinois certified security consultant, that it had successfully completed two other Illinois jobs, and that it was the lowest bidder on the Commission's project. Notwithstanding the fact that it was not licensed in Illinois when it bid, ISI had been in the security alarm system business for over 40 years and had supplied systems to over 1,000 federal, state and county facilities. Nothing in the record indicates that the Commission accepted ISI's bid in a fraudulent manner or that it acted arbitrarily. Therefore, we find that the Commission's decision to accept ISI as the lowest responsible bidder was not an abuse of discretion.

■ Last, Thompson Electronics claims that the trial court erred in allowing ISI to file a late answer to their complaint. We disagree.

Supreme Court Rule 183 provides: "This court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleadings or the doing of any act which is required by the rules to be done within a limited period." 134 Ill. 2d R. 183. Leave to file a late answer is generally permitted by the trial court and is a matter inherently within the trial court's discretion. *Straub v. Zollar*, 278 Ill. App. 3d 556, 663 N.E.2d 80 (1996). Thompson Electronics filed its complaint in September and ISI filed a timely appearance. After three months of numerous contested motions, Thompson Electronics agreed to allow ISI an extension to file an answer by the 17th day of December. On December 30, ISI requested leave to file its answer *instanter*. Based on a careful review of the parties' actions, we hold that the court acted well within its realm of discretion in granting ISI's request.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON, J., concurs.

JUSTICE HOLDRIDGE, dissenting.

I respectfully dissent from the majority's holding that a license is not required at the time of bidding.

The Private Detective, Private Alarm, Private Security and Locksmith Act (the Act) makes it unlawful for a contractor "to *act* as a *** private alarm contractor" if not licensed to do so. (Emphasis added.) 225 ILCS 446/15(b) (West 1996). A "private alarm contractor" is one who engages in a business that "sells" alarm systems. 225 ILCS 446/5 (West 1996). As the majority points out, when construing the language of a statute, the court should consider the plain and ordinary meaning of the statute's language in the overall context of its reason and necessity and its stated purpose. *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n*, 282 Ill. App. 3d 672 (1996).

In this matter, the stated purpose of the Act is to protect public health, safety and welfare by regulating persons and businesses engaged in the activities covered under the Act. Under the plain and ordinary meaning to be given to the terms used in the statute, any *act* done by one engaging in the business of selling alarm systems would come under the license requirements of the Act. Here, ISI accepted an invitation to submit a bid to sell Will County an alarm system for its new juvenile justice center. At the moment that ISI submitted a bid to the Commission, it was offering to *sell* an alarm system and was thus

acting as a private alarm contractor. The purpose of the Act, protection of the public, therefore clearly prohibits *any* such actions by a private alarm contractor unless the contractor is licensed. If this were not the case, the public would not be protected from unscrupulous or unqualified vendors during the crucial first step in the vending process, the solicitation and reception of bids.

I also disagree with the majority's conclusion that the absence of a specific reference to the term "bidding" in our statute, compared to the presence of that terminology in a similar Arizona statute, is dispositive in this case. The plain meaning of the words in our statute is quite clear without the need to resort to comparisons to statutes from other jurisdictions. I believe the statute at issue in this matter clearly requires that a contractor possess a license before it *acts* in any manner as a private alarm contractor and I would reverse the trial court on that basis.

As I would reverse the trial court as a matter of law, I would not reach the issue of whether the commission abused its discretion in finding that ISI was the lowest responsible bidder.

For the foregoing reasons, I would reverse the trial court's determination that a license is not required at the time of bidding and I would remand for entry of a judgment for the plaintiff. I dissent on that basis.