SECOND DIVISION
FEB. 22, 2011

No. 1-10-1081

| | | |
|---|---|---|
| SHERMAN WEST COURT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 09 L 50978 |
| | ) | |
| DAMON T. ARNOLD, THE DEPARTMENT | ) | Honorable |
| OF HEALTH, WILLIAM A. BELL, and | ) | Mary K. Rochford, |
| ROSELLA D. FESSENDEN, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Presiding Justice Cunningham and Justice Harris concurred in the judgment and opinion.

## OPINION

Plaintiff Sherman West Court seeks judicial review of an administrative decision by defendant Illinois Department of Public Health (IDPH). The circuit court affirmed the decision of IDPH. We find that IDPH's decision is not subject to judicial review because it was not a final order under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2008)). We vacate the circuit court's judgment and remand with directions to dismiss the complaint.

## BACKGROUND

Defendant Rosella Fessenden's father was a resident at a nursing home operated by plaintiff Sherman West Court when he allegedly suffered a stroke. Fessenden filed a complaint against plaintiff with IDPH under the Nursing Home Care Act (210 ILCS 45/3-701 *et seq.* (West 2008)), alleging that plaintiff's employees did not adequately recognize the signs of the stroke or give her father adequate emergency care. IDPH investigated the complaint but determined that it

1

was unfounded. Fessenden was dissatisfied with IDPH's initial determination, so she filed a request for an administrative hearing.

Plaintiff entered an appearance in front of the designated hearing officer, as is its right in such a situation. See 210 ILCS 45/3-702(g) (West 2008). Before the hearing occurred, however, plaintiff learned that IDPH and Fessenden had entered into a settlement agreement under which IDPH agreed to reinvestigate Fessenden's complaint against plaintiff and Fessenden agreed to withdraw her request for a hearing. Plaintiff noticed that the face of the order adopting the settlement agreement contained a material scrivener's error in the number identifying the complaint, so it filed a motion to vacate the order with the hearing officer.

The order was duly vacated, and at the following status conference, plaintiff objected to the settlement agreement. However, it was unclear whether plaintiff had standing to object to the agreement because it was not the complainant, so the hearing officer set a briefing schedule on the issue. Following full briefing and oral arguments, the hearing officer found that plaintiff did not have standing to object to the settlement agreement and recommended to the Director of IDPH that a new order be issued adopting the agreement. Defendant Bell, the acting Deputy Director of IDPH, accepted the hearing officer's recommendation and issued an order that stated in pertinent part: "[IDPH], by agreement, is to reinvestigat[e] Complaint #0773998[] and reconsider the determination in this case." The rest of the order contained boilerplate language reciting that the Director of IDPH had adopted the hearing officer's findings. Importantly, the order purported to be a "final administrative decision" within the meaning of the Nursing Home Care Act (210 ILCS 45/3-713 (West 2008)) and the Administrative Review Law (735 ILCS 5/3-

No. 1-10-1081

101 (West 2008)).

In response, plaintiff filed a complaint with the circuit court of Cook County, seeking judicial review of IDPH's order adopting the settlement agreement and ordering reinvestigation of Fessenden's complaint. The circuit court affirmed the order, finding among other things that plaintiff did not have a right to object to the settlement agreement. Plaintiff timely filed a notice of appeal, and this case is now before us.

ANALYSIS

The primary question presented in this case is whether plaintiff has standing to object to the settlement agreement between Fessenden and IDPH, which required IDPH to reinvestigate Fessenden's complaint against plaintiff. Because this is an administrative order, however, we must first consider the threshold question of whether the order is subject to judicial review. See Ill. Const. 1970, art. VI, § 9. Although this issue was not raised in the circuit court, lack of subject matter jurisdiction may be raised for the first time on appeal by any party or this court *sua sponte*. See *In re M.W.*, 232 Ill. 2d 408, 417 (2009) ("[L]ack of subject matter jurisdiction is not subject to waiver ***.").

When a complaint against a facility is filed under the Nursing Home Care Act, IDPH is responsible for investigating the complaint and determining whether it is either an "invalid report," a "valid report," or an "undetermined report." (Internal quotation marks omitted) 210 ILCS 45/3-702(d) (West 2008). IDPH must notify the complainant of the outcome of its investigation and its findings, as well as any corrective action that IDPH plans to take against the facility. See 210 ILCS 45/3-702(e) (West 2008). If the complainant is not satisfied with the

3

No. 1-10-1081

results of the investigation or IDPH's response, the complainant may request a hearing. See 210 ILCS 45/3-702(g) (West 2008). The hearing must be conducted by either the Director of IDPH or a designated hearing officer, who is responsible for taking evidence, hearing witnesses under oath, making findings of fact, and submitting a recommendation to the director of IDPH for a decision. See 210 ILCS 45/3-705, 3-707, 3-708 (West 2008).

The Director's decision following a hearing is "subject to judicial review exclusively as provided in the Administrative Review Law [(735 ILCS 5/3-101 *et seq.* (West 2008))]." 210 ILCS 45/3-713(a) (West 2008). Under the Administrative Review Law, courts may only judicially review an administrative decision that both (1) "affects the legal rights, duties or privileges of parties," and (2) "terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2008); see *Searles v. Board of Education of the City of Chicago*, 369 Ill. App. 3d 500, 504 (2006).

In light of the above principles, the dispositive jurisdictional question in this case is whether IDPH's decision to reinvestigate Fessenden's complaint was a final administrative decision within the meaning of section 3-101 of the Administrative Review Law (735 ILCS 5/3-101 (West 2008)) and section 3-713(a) of the Nursing Home Care Act (210 ILCS 45/3-713(a) (West 2008)). We find that IPDH's order was not a final decision for two independent reasons.

First, IDPH's order did not follow a hearing. Section 3-713(a) of the Nursing Home Care Act (210 ILCS 45/3-713(a) (West 2008)) authorizes judicial review only of "[f]inal administrative decisions *after hearing*" (emphasis added), and no hearing within the meaning of the Nursing Home Care Act occurred in this case. A "hearing" under the Nursing Home Care

4

Act includes, among other things, the presentation of evidence (210 ILCS 45/3-708 (West 2008)), the testimony of witnesses under oath (210 ILCS 45/3-705 (West 2008)), the representation of parties by counsel (210 ILCS 45/3-706 (West 2008)), a verbatim transcript of the proceedings (210 ILCS 45/3-706 (West 2008)), and findings of fact by the hearing officer (210 ILCS 45/3-707 (West 2008)).

This case is somewhat unusual because Fessenden originally requested a hearing but later withdrew her request, yet not before plaintiff, Fessenden, and IDPH's representative had appeared several times in front of the hearing officer. However, neither these appearances nor any of the hearing officer's other actions constituted a hearing within the meaning of the Nursing Home Care Act. Although the hearing officer required the parties to submit briefs and heard oral arguments on the issue of whether plaintiff had standing to object to the settlement agreement, at no point in this process did the hearing officer make any findings of fact or take evidence or testimony from any witnesses. Any appearances before the hearing officer were limited to only legal questions, not factual ones. Because there was no hearing, IDPH's order adopting the settlement agreement and ordering reinvestigation of Fessenden's complaint is not subject to judicial review at this time.

Second, even if we were to find that a hearing had occurred, IDPH's order is not subject to judicial review because it did not terminate the proceedings before IDPH, meaning that it cannot be a final administrative order. See 735 ILCS 5/3-101 (West 2008); *Searles*, 369 Ill. App. 3d at 504. The order stated that IDPH would "reinvestigat[e]" Fessenden's complaint and "reconsider the determination in this case." Rather than closing Fessenden's case, the plain

5

language of the order indicates that IDPH intended to retain jurisdiction over it pending some later final determination. *Cf. Searles*, 369 Ill. App. 3d at 504 ("These actions by the Board *** were indicative of the Board's intention to retain jurisdiction over the matter and were not *** indicative of its intention that the letter serve as its final adjudication of the matter."). Because IPDH's order did not end its involvement in this case, the order is not a final administrative order that is subject to judicial review.

Plaintiff raises two arguments on this point that we will address briefly. First, plaintiff asserts that the order was final because it terminated the proceedings before the hearing officer. We reject this contention. Section 3-101 of the Administrative Review Law (735 ILCS 5/3-101 (West 2008)) defines a final order as one that "terminates the proceedings before the *administrative agency*" (emphasis added) not as an order that terminates the proceedings before a particular hearing officer. The hearing officer in this case was merely a designated representative of the director of IDPH (see 210 ILCS 45/3-704(a) (West 2008)). The fact that the order adopting the settlement agreement terminated the proceedings in front of the hearing officer is irrelevant to the question of finality because the order did not also terminate all proceedings before IDPH as an administrative agency.

Second, plaintiff points out that the face of the order is captioned "FINAL ORDER" and, along with other boilerplate language, states that it is a "final administrative decision within the provisions of the Nursing Home Care Act and the Administrative Review Law." The presence of this language does not affect our analysis. It is well established that it is the substance of an order, not its form, that matters for the purpose of determining whether it is subject to review as

either an interlocutory or a final order. See, *e.g.*, *In re A Minor*, 127 Ill. 2d 247, 260 (1989) ("An apple calling itself an orange remains an apple."); see also generally *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458 (1990) (discussing finality of orders for purposes of appeal).

The mere fact that IDPH's order in this case purports to be a final order that is subject to judicial review is irrelevant. Instead, the order's effect is what matters. The order in this case did not end IDPH's involvement in Fessenden's complaint, and it is therefore not a final order under the Administrative Review Law (735 ILCS 5/3-101 (West 2008)). Significant confusion over the jurisdictional question in this case could have been avoided had IDPH not used what appears to be a standardized form order. The boilerplate language declaring that the order is a final one under the Administrative Review Law easily allows a reader to falsely presume that the order is subject to immediate judicial review when, in fact, it is not.

CONCLUSION

As discussed above, IDPH's order adopting the settlement agreement and ordering reinvestigation of Fessenden's complaint was not a final administrative order because it did not follow a hearing and it did not terminate the proceedings in front of IDPH. Because the order was not a final administrative order, it is not subject to judicial review at this time. We therefore vacate the judgment of the circuit court and remand with directions to dismiss plaintiff's complaint. Because the order is not subject to judicial review, we do not reach the question of whether plaintiff had standing to object to the settlement agreement.

Vacated and remanded with directions.