2024 IL App (4th) 220933

NO. 4-22-0933

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 12, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| RIKHAV VASANWALA, M.D., | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| THE DIVISION OF PROFESSIONAL REGULATION | ) | No. 22MR403 |
| OF THE DEPARTMENT OF FINANCIAL AND | ) | |
| PROFESSIONAL REGULATION and CECILIA | ) | |
| ABUNDIS, in Her Official Capacity as Director of the | ) | Honorable |
| Division of Professional Regulation, | ) | Robin L. Schmidt, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court, with opinion.
Justices Steigmann and Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Rikhav Vasanwala, M.D., appeals from the circuit court's judgment dismissing his complaint for administrative review against defendants, the Division of Professional Regulation of the Department of Financial and Professional Regulation (Department) and Cecilia Abundis, in her official capacity as Director of the Division of Professional Regulation (Director). On appeal, plaintiff argues he was denied due process when the Director temporarily suspended his medical license without a hearing under section 37(d) of the Medical Practice Act of 1987 (Medical Act) (225 ILCS 60/37(d) (West 2022)). He further contends the Director's order temporarily suspending his medical license pending further proceedings was a final administrative

decision and that the court erroneously dismissed his complaint for lack of subject-matter jurisdiction. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        On September 13, 2022, the Department filed an administrative complaint, alleging discipline of plaintiff's Illinois medical license was appropriate under section 22 of the Medical Act (225 ILCS 60/22 (West 2022)) after he was arrested for "(i) Rape, a class Y felony, and (ii) Video Voyeurism, a class D Felony," in Benton County, Arkansas. The Department also simultaneously filed a petition to temporarily suspend plaintiff's medical license pending a formal hearing on its complaint.

¶ 4        The Department's filings alleged the following. On January 31, 2022, while at his residence in Arkansas, plaintiff videotaped himself performing multiple acts of oral, anal, and vaginal penetration against "AV." Because "she was unconscious" and "her body was limp," plaintiff "had to manually spread AV's legs apart," remove her clothing, and "move [her] body into different positions as he was performing sexual acts on her." On February 17, 2022, plaintiff obtained his Illinois medical license. On February 23, 2022, plaintiff was arrested in Arkansas after "AV reported [the] aforementioned sexual assault," and plaintiff stipulated that probable cause existed for both the rape and voyeurism charges.

¶ 5        The Department supported its allegations with an affidavit from Dr. Shami Goyal, the Department's chief medical coordinator, who reviewed the information obtained by the Department, as well as various documents from the criminal matter in Arkansas. Dr. Goyal also watched the video of plaintiff molesting "AV" while she was unconscious and opined "that the continued practice of medicine by [plaintiff] presents an immediate danger to the safety of the public in *** Illinois." The Director thereafter found the public interest, safety, and welfare

imperatively required emergency action to prevent plaintiff's continued practice of medicine, "in that [plaintiff]'s actions constitute[d] an immediate danger to the public." The Director temporarily suspended plaintiff's Illinois license pending a formal hearing on the complaint, which was scheduled in nine days.

¶ 6        On September 21, 2022, plaintiff filed a motion to limit the hearing's purpose "to the issue of whether [plaintiff] constitutes an immediate danger to the public to justify the summary suspension." The formal administrative hearing on the Department's complaint against plaintiff was held the next day. At the hearing, plaintiff asserted he had not been given an opportunity to argue whether the requirements for a temporary suspension were met and that "it [made] logical sense that the hearing would not be on the complaint, but would be on whether the temporary suspension is proper." After reviewing the relevant provisions under Title 68 of the Illinois Administrative Code (68 Ill. Adm. Code 1110), covering the Department's rules of practice in administrative hearings, and the Medical Act, the administrative law judge (ALJ) denied plaintiff's motion. In doing so, the ALJ noted she lacked a legal basis to grant plaintiff's motion because there existed no authority that would allow her to review the Director's finding or limit the hearing.

¶ 7        On September 26, 2022, plaintiff filed the instant complaint for administrative review. In his complaint, plaintiff asserted, among other things, defendants "violated [his] procedural rights by refusing to grant him a hearing on the Temporary Suspension Order and refusing to grant him any right to contest the Temporary Suspension Order in any way." Plaintiff further noted the temporary suspension of his medical license would "stay in place until there is a final decision on the [Department's] Complaint in this case," which, plaintiff complained, "could take months or even up to a year."

¶ 8    On October 3, 2022, defendants filed a motion to dismiss plaintiff's complaint under section 2-619(a)(1) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619(a)(1) (West 2022)). The motion asserted the circuit court lacked subject-matter jurisdiction to address plaintiff's complaint because (1) the order temporarily suspending plaintiff's medical license was not a final administrative decision and (2) plaintiff had failed to exhaust all of his available administrative remedies. In so arguing, defendants highlighted plaintiff's own admission that administrative proceedings were ongoing. Defendants explained the General Assembly adopted the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)) as the exclusive method for reviewing final administrative decisions under the Medical Act. Defendants also pointed out, under section 3-101 of the Administrative Review Law, the term "administrative decision" was defined as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2022).

¶ 9    In response, plaintiff argued "there [were] no remaining administrative procedures that exist as to the suspension" because defendants "refused to allow [him] any opportunity to contest the suspension." Plaintiff also claimed, although "the term of the [temporary] suspension [would] end upon a decision on the Administrative Complaint," the decision would not "review or reverse the suspension currently in effect." Thus, according to plaintiff, the order temporarily suspending his medical license was a final administrative decision because it was "an order of an administrative agency" that affected his legal rights and privileges as a physician and disposed of all proceedings to contest the suspension.

¶ 10    Following a hearing on October 4, 2022, the circuit court entered a written order dismissing plaintiff's complaint, finding it lacked subject-matter jurisdiction to review the order

- 4 -

temporarily suspending plaintiff's medical license because it was not a final administrative decision.

¶ 11    This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13    On appeal, plaintiff argues he was denied due process when the Director temporarily suspended his medical license without a hearing under section 37(d) of the Medical Act (225 ILCS 60/37(d) (West 2022)). He further contends the order temporarily suspending his medical license pending a formal hearing on the Department's complaint was a "final administrative decision" and that the circuit court erroneously dismissed his complaint for administrative review for lack of subject-matter jurisdiction. Defendants assert the court properly dismissed plaintiff's complaint under section 2-619(a)(1) of the Civil Code, which provides for the dismissal of a claim where "the court does not have jurisdiction of the subject matter of the action." 735 ILCS 5/2-619(a)(1) (West 2022). This court reviews dismissals under section 2-619 *de novo*. *Dawkins v. Fitness International, LLC*, 2022 IL 127561, ¶ 24, 210 N.E.3d 1184.

¶ 14    In cases involving review of an administrative decision, circuit courts exercise "special statutory jurisdiction." *Ameren Transmission Co. of Illinois v. Hutchings*, 2018 IL 122973, ¶ 13, 120 N.E.3d 998. When the governing statute adopts the Administrative Review Law, "a circuit court may not redress a party's grievance through any other type of action" (*Goral v. Dart*, 2020 IL 125085, ¶ 40, 181 N.E.3d 736), and a party seeking to invoke that jurisdiction must "comply strictly with the procedures prescribed by the statute." *Ameren Transmission Co. of Illinois*, 2018 IL 122973, ¶ 13. The Medical Act adopts the Administrative Review Law and provides, "[a]ll final administrative decisions of the Department are subject to judicial review." 225 ILCS 60/41(a) (West 2022). "Under the Administrative Review Law, courts may only

judicially review an administrative decision that both (1) 'affects the legal rights, duties or privileges of parties,' and (2) 'terminates the proceedings before the administrative agency.' " *Sherman West Court v. Arnold*, 407 Ill. App. 3d 748, 750, 944 N.E.2d 467, 469 (2011) (quoting 735 ILCS 5/3-101 (West 2008)). If those procedures are not followed, the circuit court lacks jurisdiction. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 34, 21 N.E.3d 368.

¶ 15 When a complaint is filed under section 22 of the Medical Act, the Department is responsible for investigating the actions of a licensee. 225 ILCS 60/36(a) (West 2022). Typically, the Department must notify the licensee of any charges, as well as the time and place for a hearing on the charges, at least 30 days prior to the date set for the hearing before taking any disciplinary action. 225 ILCS 60/36(b) (West 2022); 68 Ill. Adm. Code 1110.170(a) (2019). At the time and place determined in the notice, the ALJ "shall proceed to hear the charges," and the licensee "shall be accorded ample opportunity to present *** such statements, testimony, evidence and argument as may be pertinent to the charges or to any defense thereto." 225 ILCS 60/37(a) (West 2022).

¶ 16 However, the Director, with the authority delegated by the Secretary of Financial and Professional Regulation, may temporarily suspend a licensee's medical license without a hearing if the Director finds, based on the evidence possessed, that the licensee's continued medical practice presents an immediate danger to the public. 225 ILCS 60/37(d) (West 2022); 68 Ill. Adm. Code 1110.10 (2019). This depends on the temporary suspension being sought simultaneously with the institution of proceedings for a hearing under section 37 of the Medical Act. 225 ILCS 60/37(d) (West 2022). In the event the Director temporarily suspends a licensee's medical license, the disciplinary proceedings are accelerated, and a hearing on the charges against the licensee must be held within 15 days of the temporary suspension taking effect. 225 ILCS

60/37(d) (West 2022); *Sharma v. Division of Professional Regulation of the Department of Financial & Professional Regulation*, 2023 IL App (3d) 220095, ¶ 23, 219 N.E.3d 707 (concluding the 15-day hearing requirement following a temporary suspension relates to the underlying complaint).

¶ 17　　　　After the hearing, the ALJ must submit a written report to the Illinois State Medical Board (Medical Board) containing his or her findings of fact, conclusions of law, and any disciplinary recommendation with respect to the allegations contained in the complaint. 225 ILCS 60/35 (West 2022); 68 Ill. Adm. Code. 1110.240(a)-(b) (2019). Upon receipt of the ALJ's report, the Medical Board must submit its own conclusions and recommendations to the Director. 225 ILCS 60/35 (West 2022); 68 Ill. Adm. Code 1110.240(c) (2019). Once the Medical Board submits its findings to the Director, the parties are sent a copy of the report and are given an opportunity to request a rehearing. 68 Ill. Adm. Code 1110.240(d) (2019). When the time to file a motion for rehearing expires, the Director may adopt the recommendations of the Medical Board and enter a decision. 225 ILCS 60/40(b) (West 2022); 68 Ill. Adm. Code 1110.240(f) (2019).

¶ 18　　　　In light of these principles, the record clearly establishes the order temporarily suspending plaintiff's medical license was not a final administrative decision and not subject to judicial review because it did not terminate the proceedings before the Department. Simply calling it a "final administrative decision" does not make it functionally so. See *Marsh v. Illinois Racing Board*, 179 Ill. 2d 488, 491, 689 N.E.2d 1113, 1115 (1997) ("An apple calling itself an orange remains an apple." (Internal quotation marks omitted.)). The fact remains plaintiff admitted in his complaint that there had been no "final decision *** in this case," and he received a hearing on the charges against him nine days after the Director temporarily suspended his license—the only hearing to which he was entitled. 225 ILCS 60/37(d) (West 2022); see *Sharma*, 2023 IL App (3d)

220095, ¶ 23. Moreover, the record is bereft of any written findings of fact, conclusions of law, or disciplinary recommendation by either the ALJ or Medical Board. 225 ILCS 60/35 (West 2022); 68 Ill. Adm. Code 1110.240(a)-(c) (2019). And, at the time the circuit court dismissed plaintiff's complaint for administrative review, no decision had been entered by the Director adopting or rejecting the recommendation of the Medical Board. 225 ILCS 60/40(b) (West 2022); 68 Ill. Adm. Code 1110.240(f) (2019).

¶ 19        Accordingly, because there was no final administrative decision for the circuit court to review, the court properly dismissed plaintiff's complaint for lack of jurisdiction. See *Sherman West Court*, 407 Ill. App. 3d at 750. Having affirmed the court's decision on this basis, we need not determine if the Director's decision to temporarily suspend plaintiff's medical license without a hearing violated plaintiff's due process rights as plaintiff contends.

¶ 20                              III. CONCLUSION

¶ 21        For all these reasons, we affirm the circuit court's judgment.

¶ 22        Affirmed.

*Vasanwala v. Division of Professional Regulation of the Department of Financial & Professional Regulation*¸ 2024 IL App (4th) 220933

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 22-MR-403; the Hon. Robin L. Schmidt, Judge, presiding. |
| **Attorneys for Appellant:** | Michael K. Goldberg and Robert A. Bauerschmidt, of Goldberg Law Group, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Bridget DiBattista, Assistant Attorney General, of counsel), for appellees. |