2024 IL App (1st) 231014-U

No. 1-23-1014

Order filed November 27, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| COSMIN DOBRESCU, M.D., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2023 CH 03226 |
| | ) | |
| DIVISION OF PROFESSIONAL | ) | Honorable |
| REGULATION of the ILLINOIS | ) | Michael T. Mullen, |
| DEPARTMENT OF FINANCIAL AND | ) | Judge, presiding. |
| PROFESSIONAL REGULATION, and | ) | |
| CECILIA ABUNDIS, in her capacity as | ) | |
| DIRECTOR of the DIVISION OF | ) | |
| PROFESSIONAL REGULATION, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's dismissal of physician's complaint for administrative review for lack of subject matter jurisdiction because the temporary, summary suspension of his license pending further disciplinary proceedings was not a final administrative decision.

¶ 2    Plaintiff Cosmin Dobrescu, M.D., appeals the dismissal of his complaint for administrative review for lack of subject matter jurisdiction. Plaintiff sought review of the temporary suspension

of his medical license by defendants, the Illinois Department of Financial and Professional Regulation's Division of Professional Regulation and its Director, Cecilia Abundis. The issue presented is whether the circuit court erred in concluding that it lacked jurisdiction to review a temporary suspension of plaintiff's medical license because the suspension was not a final administrative decision under the Administrative Review Law. For the reasons stated below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      The Department's Chief of Medical Prosecutions, Brandon Thom, filed an administrative complaint against plaintiff under section 22(A)(12) of the Medical Practice Act, which empowers the Department to discipline any licensee based on "[a]dverse action taken by another state or jurisdiction against a license or other authorization to practice as a medical doctor." 225 ILCS 60/22 (West 2022). The administrative complaint cited the summary suspension of plaintiff's temporary medical license in Alaska as grounds for discipline.

¶ 5      The Alaska State Medical Board summarily suspended plaintiff's temporary Alaskan medical license on grounds that he posed "a clear and immediate danger to public health and safety" based upon a twelve-page affidavit from the Alaskan medical board's investigator which alleged multiple instances of substandard care resulting in injury and death. An Alaskan administrative law judge denied plaintiff's motion to dismiss the summary suspension. According to a letter from plaintiff's counsel in Alaska to the state medical board, plaintiff ceased practicing in Alaska, and it is not clear whether the disciplinary action against plaintiff proceeded from there.

¶ 6      Simultaneously with the filing of the administrative complaint against plaintiff in Illinois, Thom petitioned the Director of the Department to temporarily suspend plaintiff's Illinois medical

license without a hearing under section 37(d) of the Medical Practice Act, 225 ILCS 60/37(d), otherwise known as a summary suspension. 68 Ill. Adm. Code 1285.230 (2005). The petition to suspend plaintiff's Illinois license alleged that:

> "on December 8, 2022, [plaintiff] performed cardiac surgery on patient D.M. at Alaska Regional Hospital whereby patient D.M. died due to uncontrollable surgical blood loss that [plaintiff] failed to manage while performing surgery. [Plaintiff]'s performance of the surgery and various postoperative actions were immediately called into question by other healthcare providers. [Plaintiff's] locum tenens assignment was terminated the following morning. On December 9, 2023, [plaintiff] resigned his privileges at Alaska Regional Hospital."

¶ 7 Thom attached the Alaskan petition, affidavit, and order suspending plaintiff's license as well as the order denying plaintiff's motion to dismiss the Alaskan case. Thom also attached an affidavit from the Department's Chief Medical Coordinator, Shami Goyal, M.D., stating that she had reviewed the information from the Alaskan action and determined "within a reasonable degree of medical certainty that the continued practice of medicine by Cosmin Dobrescu, M.D., present[ed] an immediate danger to the safety of the public in the State of Illinois."

¶ 8 Subsequently, Director Cecilia Abundis issued a summary suspension order suspending plaintiff's Illinois medical license "pending proceedings before an Administrative Law Judge at the Department of Financial and Professional Regulation and the Illinois State Medical Board." The Department then sent plaintiff notice of the suspension order via email. It attached a copy of the complaint and provided plaintiff with a formal hearing date of March 9, 2023, at which he

would have an opportunity to present statements, testimony, evidence, and argument against the charges in the complaint.

¶ 9    On March 7, 2023, plaintiff filed a motion to limit or continue the March 9 hearing, arguing that due process and the Medical Practice Act required that the hearing be solely on the issue of whether he presented an immediate danger to the public justifying the temporary suspension of his license. The administrative law judge assigned to plaintiff's case denied the motion to limit the hearing, explaining that "[plaintiff] fail[ed] to cite any authority" for his position, but granted plaintiff's request for a continuance. The administrative law judge noted that if plaintiff wanted to contest an order from the Director, he had to seek judicial review. The case was set for a status hearing at the end of April.

¶ 10    On April 3, 2023, Plaintiff filed a complaint for administrative review in the circuit court of Cook County followed by an emergency motion to stay enforcement of the suspension order. Defendants filed a combined motion to dismiss the complaint for administrative review under section 2-619(a)(1) of the Code of Civil Procedure asserting that the suspension order was not a final administrative decision and that the circuit court therefore lacked subject matter jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2022). On April 13, 2023, the circuit court issued an order denying plaintiff's emergency motion for a stay. This court affirmed the denial of the emergency motion on April 20, 2023. *Dobrescu v. Division of Professional Regulation*, No. 1-23-0681 (Apr. 20, 2023 Order). On May 8, 2023, the circuit court also dismissed plaintiff's complaint for administrative review "for lack of subject matter jurisdiction based on the Court's finding that the Director's Order dated February 28, 2023 summarily suspending Plaintiff's Illinois Physician and Surgeon License is not a final decision subject to Administrative Review Law."

¶ 11    This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 12                                II. ANALYSIS

¶ 13    Plaintiff argues that the suspension order is a final administrative decision under the Administrative Review Law because it makes a final determination that plaintiff's continuation of practice would present an immediate danger to the public and terminates the "proceedings before the Department on the Petition for Temporary Suspension." Defendant contends that the suspension order did not terminate the proceedings because under the Medical Practice Act the disciplinary proceedings against plaintiff continue after the Director issues the suspension order.

¶ 14    "Whether a court has jurisdiction to review an administrative decision presents a question of law" that we review *de novo*. *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 13. The same standard applies to the grant or denial of a section 2-619 motion to dismiss. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24.

¶ 15    The Illinois constitution vests general jurisdiction in the state's circuit courts but restricts their review of administrative action to that which is "provided by law." Ill. Const. 1970, art. VI, § 9. Where the Administrative Review Law applies, the court exercises "special statutory jurisdiction" and may review only those agency actions that fall within the language of the statute. *Fuller v. Department of State Police*, 2019 IL App (1st) 173148, ¶ 13. The Administrative Review Law applies to decisions rendered by the Department under the Medical Practice Act. 225 ILCS 60/41(a) (West 2022); *Masood v. Division of Professional Regulation of Department of Financial & Professional Regulation*, 2023 IL App (1st) 220657, ¶ 47.

¶ 16    The Administrative Review Law incorporates the common law doctrine of exhaustion of remedies, *Goral v. Dart*, 2020 IL 125085, ¶ 37, which shields an agency's non-final decisions

from judicial review to "allow[ ] full development of the facts before the agency," allow "the agency an opportunity to utilize its expertise," and allow the "aggrieved party" the opportunity to "succeed before the agency, rendering judicial review unnecessary." *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 358 (1975). The doctrine also "helps protect agency processes from impairment by avoidable interruptions, allows the agency to correct its own errors, and conserves valuable judicial time by avoiding piecemeal appeals." (Internal quotation marks omitted.) *Pinkston v. City of Chicago*, 2023 IL 128575, ¶ 24.

¶ 17    The Administrative Review Law therefore allows for judicial review of only those administrative decisions "that both (1) 'affect[ ] the legal rights, duties or privileges of parties,' and (2) 'terminate[ ] the proceedings before the administrative agency.' " *Sherman West Court v. Arnold*, 407 Ill. App. 3d 748, 750 (2011) (quoting 735 ILCS 5/3-101 (West 2008)); *Fuller*, 2019 IL App (1st) 173148, ¶ 16 ("Not all administrative decisions are final decisions."). The parties here do not dispute that the suspension order affected plaintiff's rights, leaving the question of whether the suspension order terminated the proceedings against plaintiff before the Department, conferring jurisdiction upon the circuit court.

¶ 18    The Medical Practice Act and the Administrative Code delineate the "proceedings" with respect to plaintiff's license. 225 ILCS 60/1 *et seq.*; 68 Ill. Adm. Code 1110.5 *et seq.* "[T]his court reads statutes and administrative rules together to make legislation harmonious and sensical." *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 23.

¶ 19    When the Division institutes a contested case, as it did here, it begins with a complaint signed by the Division's Chief of Medical Prosecution. 68 Ill. Adm. Code § 1110.20(a) (2019). If "simultaneously with the institution of proceedings for a hearing provided under [section 37]" the

Department finds that evidence in its possession "indicates that a physician's continuation in practice would constitute an immediate danger to the public," it "may temporarily suspend the license of a physician without a hearing." 225 ILCS 60/37(d). If the Department does so, "a hearing by the Medical Board shall be held within 15 days after such suspension has occurred and shall be concluded without appreciable delay." *Id.*

¶ 20 At that time, an administrative law judge acting on behalf of the Medical Board "shall proceed to hear the charges, and the accused person shall be accorded ample opportunity to present in person, or by counsel, such statements, testimony, evidence, and argument as may be pertinent to the charges or any defense thereto." 225 ILCS 60/37(a); 68 Ill. Adm. Code § 1110.170 (2019). Then, the administrative law judge must report his or her findings and recommendations to the Medical Board, who review that report and present their own findings of fact, conclusions of law and recommendations to the Director. 225 ILCS 60/35, 60/40; 68 Ill. Adm. Code 1110.240(c) (2019). Once the Director receives these findings, the parties are notified and have 20 days to request that the Director order additional hearings or a rehearing. 225 ILCS 60/40(a); 68 Ill. Adm. Code 1110.240(d). After the 20-day period expires or the Director denies a motion for rehearing, the Director may adopt the Medical Board's recommendation and "enter[] a decision on the merits of the case" constituting "a final Order as defined by the Administrative Review Law." 68 Ill. Adm. Code 1110.240(f), (g); accord 225 ILCS 60/40(b).

¶ 21 In defining a reviewable administrative decision, the Administrative Review Law "contemplate[s] an adversarial proceeding involving the parties, a hearing on the controverted facts, and an ultimate disposition rendered by an impartial fact finder." *Shempf v. Chaviano*, 2019 IL App (1st) 173146, ¶ 44. Under the Medical Practice Act, several stages of administrative action

follow the issuance of the suspension order by the Director. There is still fact-gathering to do, albeit limited, motions to file and decide, and the possibility of negotiations for an agreed disposition of the charges. 68 Ill. Adm. Code 1110.130 (allowing for limited pre-hearing discovery), 1110.80 (allowing for negotiations and agreed dispositions), 1110.210(a) (2019) (listing 14 possible pre-hearing motions). Most importantly, there is a formal hearing to be held on the charges, at which the facts can be fully developed and tested based on the Medical Board's expertise. 225 ILCS 60/37(a); *Allphin*, 60 Ill. 2d at 358. The suspension order, preceding all these things, does not "terminate the proceedings" as the Administrative Review Law requires to trigger the circuit court's jurisdiction. 735 ILCS 5/3-101; *Vasanwala v. Division of Professional Regulation of Department of Financial & Professional Regulation*, 2024 IL App (4th) 220933, ¶ 18 ("Simply calling it a 'final administrative decision' does not make it functionally so" where the summary suspension of plaintiff's medical license came at the outset of the procedures outlined in the Medical Practice Act); *Village of Northbrook v. Board of Trustees of Village of Northbrook Firefighter Pension Fund*, 2022 IL App (1st) 220277-U, ¶ 28 ("An interim ruling that contemplates further evidentiary hearings is not a final administrative decision.").

¶ 22     Plaintiff argues that proceedings on the suspension order and proceedings on the charges in the complaint are distinct such that the administrative law judge's order refusing to review the suspension order terminated proceedings on the suspension order and itself was a final administrative decision. First, plaintiff cites *Mandeville v. Trucano* for the proposition that when an agency decides it lacks jurisdiction to hear an action, it has rendered a final administrative decision. 225 Ill. App. 3d 505, 508 (1992). In *Trucano,* a board of fire and police commissioners decided that it lacked jurisdiction to consider a police officer's appeal of his suspension, and the

reviewing court determined that the board's decision was a final administrative decision under the Administrative Review Law. *Id.* However, that holding was predicated on the fact that the police officer had resigned. *Id.* at 507-08. The board's decision not to consider the suspension therefore "terminated the proceedings" on the officer's employment not because it was jurisdictional in nature but because, in light of the officer's resignation, there were no more proceedings to be had on his employment. The same is not true for plaintiff, who has not surrendered his medical license such that the administrative law judge's order "terminated the proceedings" against him.

¶ 23    More importantly, the Medical Practice Act does not contemplate a petition for summary suspension as a separate disciplinary proceeding distinct from the proceeding on the charges outlined in the complaint. Under the Medical Practice Act a suspension order cannot exist outside the context of proceedings for a formal hearing on charges against the physician. 225 ILCS 60/37(d) (allowing for a summary suspension "simultaneously with the institution of proceedings for a hearing"), 225 ILCS 60/25 (allowing for summary suspension upon receipt of a communication from the Secretary or Director of other agencies stating that a physician presents "an immediate danger to the public," followed by a "hearing upon such person's license"). By its own terms, it acts as a temporary measure to protect against an "immediate danger to the public" while the Department engages with the physician in preparation for a formal hearing on the license. 225 ILCS 60/37(a), (d); 68 Ill. Adm. Code 1110.160 (2019). The suspension order is not separate from the larger proceedings against the physician where it only arises within them.

¶ 24    Plaintiff also argues the lack of identity of issues between the suspension order and the underlying charges against plaintiff in support of his interpretation that they are separate proceedings. Plaintiff points out that "at no point in the proceedings on the Complaint will the

Department revisit the issue pertinent to the Petition, *i.e.*, whether Dr. Dobrescu's continued practice poses a danger to the public, nor will it revisit the imposition of the summary suspension or its duration." It is true that in a sister-state discipline case, the question for the Board is "whether adverse action was taken in another state or jurisdiction" against plaintiff's license, not whether his actions as described in the foreign proceedings were improper. *Sharma v. Division of Financial and Professional Regulation*, 2023 IL App (3d) 220095, ¶ 26. However, issue-by-issue judicial review subverts the Administrative Review Law's language requiring that the decision "terminate the proceedings," 735 ILCS 5/3-101, as well as its goal to save judicial resources from "piecemeal appeals" and avoid reviewing potentially erroneous decisions that, had the proceedings run their course, could have been corrected by the agency. *Pinkston*, 2023 IL 128575, ¶ 24.

¶ 25 In other words, by requiring a decision to terminate the proceedings as a whole, the legislature foreclosed attempts to bifurcate the administrative proceedings and offer up discrete parts for judicial review under the Administrative Review Law. *Arnold*, 407 Ill. App. 3d at 752 (rejecting plaintiff's argument that an agency's order was final because it "terminated the proceedings before [a particular] hearing officer," explaining that to be final under the Administrative Review Law the order must "terminate[] the proceedings before the *administrative agency*" as a whole, "end[ing] its involvement in [the] case" (Emphasis in original.)); *Vasanwala*, 2024 IL App (4th) 220933, ¶¶ 18-19. While the Board may not revisit the issue of immediate danger to the public at the formal hearing on plaintiff's license, it *will* resolve the summary suspension, either by replacing it with final discipline or by clearing plaintiff of any violation of the Medical Practice Act. The finding that plaintiff presents an immediate danger to the public will be superseded by the outcome of the hearing, making court intervention premature. For the same

reasons, plaintiff cannot be said to have exhausted his remedies before the Department.

¶ 26     Plaintiff argues that the summary suspension will not be superseded and will remain on plaintiff's physician profile in the Department's digital license lookup database permanently. In support, plaintiff asks this court to take judicial notice of the fact that plaintiff's profile says his license is summarily suspended. But that does nothing to establish, as plaintiff argues, that "[e]ven if the physician prevails on the ultimate merits of the full disciplinary hearing, his Department record will still show that summary suspension was imposed." The crux of this case is that plaintiff sought judicial review *before* any hearing on the charges could be held, so the state of his profile at this point does not speak to whether the summary suspension remains of record if a physician prevails at hearing.

¶ 27     Finally, plaintiff argues that the summary suspension provision in section 37(d) requires a separate hearing be held on the summary suspension and that any other interpretation raises due process concerns. Ultimately, we will not reach constitutional questions where a case can be resolved on other grounds. *Lyon v. Department of Children & Family Services*, 209 Ill. 2d 264, 271 (2004). Nor does it make sense to do so here where we would be assessing whether plaintiff received due process before he participates in what has been held to be a valid post-deprivation hearing under the summary suspension provision. *Sharma*, 2023 IL App (3d) 220095, ¶ 23 (holding that the "clear and unambiguous language of section 37(d) provides for a temporary suspension without any hearing as to the temporary suspension itself," which comports with due process in that due process "does not require a hearing at a preliminary stage as long as the requisite hearing is held before the final administrative order becomes effective"). Here, plaintiff's case has not yet been heard by the Department.

¶ 28                                   III. CONCLUSION

¶ 29     The judgment of the circuit court of Cook County is affirmed.

¶ 30     Affirmed.