2024 IL App (1st) 240519-U

SECOND DIVISION
December 24, 2024

No. 1-24-0519

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| PROGRESSIVE HOUSING, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 22CH12223 |
| ILLINOIS GUARDIANSHIP AND ADVOCACY | ) | |
| COMMISSION, | ) | Honorable |
| | ) | Clare J. Quish, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court lacked subject matter jurisdiction over plaintiff's petition for writ of *certiorari* because the Authority's decision to publish its report did not constitute a final administrative decision.

¶ 2    This case arose following plaintiff Progressive Housing, Inc.'s petition for a writ of

*certiorari* seeking the trial court's review of the decision to publish a report issued by a regional

authority of defendant the Illinois Guardianship and Advocacy Commission (the Commission).

The Egyptian Regional Human Rights Authority (the Authority), a regional authority under the

Human Rights Authority of the Commission, received an anonymous complaint against plaintiff

and investigated the allegations. Following its investigation, the Authority sent its report to plaintiff and offered plaintiff the opportunity to respond. The Authority subsequently closed the case with the report and response to be published as part of the public record. In response to plaintiff's petition, the Commission filed a motion to dismiss, which the trial court granted after finding it lacked subject matter jurisdiction.

¶ 3    On appeal, plaintiff argues that: (1) the trial court erroneously dismissed its complaint for lack of jurisdiction; (2) the Authority's decision to publish its report was a discretionary act and properly reviewed through a writ of *certiorari*; and (3) the trial court erred in finding that the publication of the report did not affect plaintiff's legal rights, duties, or privileges.

¶ 4    Plaintiff filed a complaint for administrative review in December 2022, regarding the publication of the report issued by the Authority. The Commission subsequently moved to dismiss the complaint. In response, plaintiff refiled its pleading as a petition for writ of *certiorari* and alleged the following facts.

¶ 5    Plaintiff is an Illinois not-for-profit corporation providing support services to individuals with developmental disabilities and their families. It maintains facilities around the state of Illinois. The Commission is an administrative agency in Illinois, established under the Guardianship and Advocacy Act (Guardianship Act) (20 ILCS 3955/1 *et seq*. (West 2020)), to protect the rights and promote the welfare of persons with disabilities. *Id*. § 3, § 6. The Authority, a division of the Commission, received a complaint filed by an unknown complainant and conducted an investigation in 2021. See *id*. § 14, § 15; see 59 Ill. Admin. Code § 310.10(b). The complaint alleged that plaintiff had "failed to provide adequate treatment planning by not allowing residents to return to community day services" once plaintiff's facilities "reopened following Covid-19 mitigation." Following its investigation, the Authority prepared a report of

its findings. 20 ILCS 3955/15 (West 2020); 59 Ill. Admin. Code § 310.10(b). In a letter, dated July 25, 2022, the Authority notified plaintiff that the investigation was complete and enclosed a copy of the report of findings. 20 ILCS 3955/23 (West 2020); see 59 Ill. Admin. Code § 310.70. The letter invited plaintiff to respond with its comments and/or objections to the report. The letter also noted that the Authority "may vote to make any of its findings a part of the public record." 20 ILCS 3955/26 (West 2020); 59 Ill. Admin Code § 310.70(c)(4), (d)(2). Plaintiff was given the option to include its comments and/or objections in "any publicly released report." 59 Ill. Admin. Code § 310.70(d)(3).

¶ 6    On August 30, 2022, plaintiff sent its response to the Authority and asserted that the report was not correct in its findings and "contain[ed] conclusions in conflict with evidence in the [r]eport." Plaintiff requested the report be withdrawn or corrected because the findings were "against the manifest weight of the evidence based on the record" before the Commission and provided a list of factual inaccuracies and flawed findings from the report. Notably absent from the record on appeal is the Authority's report.

¶ 7    In a letter dated December 1, 2022, the Authority informed plaintiff that it had closed the case at its November 2022 meeting, and the decision without modification would become part of the public record and posted on the Authority's website. The Commission agreed to withhold publication until the litigation is concluded.

¶ 8    In its petition, plaintiff alleged that the publication of the report will make "the false and highly prejudicial findings of the Authority" public and would negatively portray plaintiff "as a facility that did not adequately provide for its residents during the era of Covid-19 protocols." According to plaintiff, public review of these findings would prejudice plaintiff and its reputation. Plaintiff maintained that the findings had "no basis in fact" and were "directly

contrary" to plaintiff's actions in accordance with the Covid-19 guidelines. According to plaintiff, the Commission's decision to publish the report is an administrative action reviewable by the trial court through a common law writ of *certiorari*.

¶ 9    In its prayer for relief, plaintiff requested that the trial court order the Commission to prepare and file the record upon which the report was based, enter an order prohibiting the Commission or a third party from filing the report or the response in the public court file of this action, and direct the Commission, through the Authority, to withdraw the report or correct any substantial inaccuracies found by the court.

¶ 10    The Commission moved to dismiss plaintiff's petition under section 619.1 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619.1 (West 2020)) and asserted multiple grounds for dismissal. The Commission first contended that plaintiff failed to state a cause of action under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) because the report was not a binding administrative decision and was not reviewable under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2020)). The Commission also argued that plaintiff's petition should be dismissed pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)) because it had no valid basis for asking the trial court to prevent the Commission from taking its statutorily authorized action in publishing the report.

¶ 11    Following briefing and arguments, the trial court entered a written order and granted the Commission's motion to dismiss. In its order, the court found that it lacked jurisdiction to consider plaintiff's petition because the Authority's decision to publish the report, alongside any objections, was not a final administrative decision subject to the court's review. Specifically, the court observed:

"The Defendant/Authority's decision to publish a report, alongside any objections, is not, itself, a final administrative decision. Plaintiff's complaint and the correspondence between Plaintiff and Defendant/Authority attached thereto show that there was no adversarial proceeding involving Plaintiff and the Defendant/Authority and no hearing on any controverted facts. There was no ultimate disposition rendered by an impartial fact finder.

Moreover, Defendant's decision to publish does not indicate in any way that it is a final and appealable agency decision or that an appeal may be taken within a prescribed period of time. The absence of any language in Defendant's letter concerning appeal rights is a further indication that the letter was not intended to be a final and appealable agency determination."

¶ 12    This appeal followed.

¶ 13    Initially, as pointed out above, plaintiff has not included the Authority's report in the record on appeal. Plaintiff, as the appellant, bears the burden of providing a sufficiently complete record to support its claim or claims of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant,* 99 Ill. 2d 389, 391-92 (1984).  Moreover, any doubt arising from the incompleteness of the record will be resolved against the appellants. *Foutch*, 99 Ill. 2d at 392. Plaintiff's failure to file the Authority's report on appeal severely hinders our ability to fully review plaintiff's claims and engage in a complete analysis. We could easily dismiss plaintiff's appeal on this basis, but we will review the question of whether the trial court had subject matter jurisdiction to consider plaintiff's petition for a writ of *certiorari*. See *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶¶ 6, 8 (court may not only strike portions of the brief

or consider arguments waived, but it may strike a brief in its entirety and dismiss the matter when the appellant fails to file a sufficient record).

¶ 14      At issue, then, is whether the Authority's decision to publish the report was a final administrative decision subject to the trial court's review. Plaintiff argues that the Authority's decision to close the case and publish the report was reviewable by the trial court. The Commission, on the other hand, maintains that the Authority's report and its publication was not a final administrative decision because no hearing or adversarial process took place and the report did not affect plaintiff's rights, duties, or privileges.

¶ 15      Section 2-619.1 is a combined motion that incorporates sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-619.1, 2-615, 2-619 (West 2020). A motion to dismiss pursuant to section 2-615 of the Code attacks the legal sufficiency of the complaint by alleging defects on its face. *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 10. In contrast, a motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint but raises an affirmative defense or another basis to defeat the claims alleged. *Id.* Section 2-619(a)(9) permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2020). Under either section, the reviewing court accepts all well-pleaded facts and all reasonable inferences as true. *Kopf v. Kelly*, 2024 IL 127464, ¶ 63. We construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id*. We review the trial court's dismissal order *de novo*. *Id*.

¶ 16      We first consider whether the Authority's decision to publish the report on its website signified a final administrative decision subject to review in the circuit court. Whether an agency action is reviewable is an issue of statutory construction. *Outcom, Inc. v. Illinois Department of*

*Transportation*, 233 Ill. 2d 324, 332 (2009). We must look to the agency's enabling statute to determine if the legislature intended the agency's decisions to be reviewable. *Id.* at 332-33. While the Administrative Review Law can provide guidance, the Guardianship Act, at issue here, has not adopted the Administrative Review Law. See 20 ILCS 3955/5 (West 2020).

¶ 17    " 'A common law writ of *certiorari* is a general method of obtaining circuit court review of administrative actions when the act conferring power on the agency does not expressly adopt the Administrative Review Law and provides for no other form of review.' " *My Baps Construction Corp. v. City of Chicago*, 2017 IL App (1st) 161020, ¶ 86 (quoting *Hanrahan v. Williams*, 174 Ill. 2d 268, 272 (1996)). A writ of *certiorari* is reviewed under the same standard as set forth in the Administrative Review Law. *Id.*

¶ 18    The Administrative Review Law defines an "administrative decision" as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2020). The common law writ of *certiorari* provides a basis for a party with no other avenue of appeal or direct review to obtain a limited review an agency or tribunal exercising quasi-judicial functions. *Reichert v. Court of Claims of State of Illinois*, 203 Ill. 2d 257, 260 (2003). "An administrative agency may exercise a judicial or quasi-judicial function if it decides a dispute of adjudicative fact or if the law otherwise requires it to act in a judicial manner." *Nyhammer v. Basta*, 2022 IL 128354, ¶ 1.

¶ 19    However, unless the agency issues a final administrative decision, the circuit court lacks jurisdiction to review the complaint. *O'Rourke v. Access Health, Inc.*, 282 Ill. App. 3d 394, 401 (1996); see *Masterton v. Village of Glenview Police Pension Board*, 2022 IL App (1st) 220307, ¶¶ 40-41 (interim decision to pay minimum benefits was not a final administrative decision

because no adversarial process had occurred, no disposition was entered by an impartial factfinder, and the beneficiary was "not placed on notice that the interim decision was final and subject to administrative review"); *Shempf v. Chaviano*, 2019 IL App (1st) 173146, ¶ 46 (an agency's denial to hold a hearing was not a final administrative decision because the plaintiff's action was premature and not subject to administrative review); *Sherman West Court v. Arnold*, 407 Ill. App. 3d 748, 750-51 (a settlement order to reinvestigate a complaint was not a final administrative order because no hearing had been conducted and it did not terminate the proceedings to provide for judicial review); *Illinois Wood Energy Partners, L.P. v. County of Cook*, 281 Ill. App. 3d 841, 851 (1995) (an internal communication expressing an advisory opinion regarding the plaintiff's request for a zoning certificate was not a final administrative decision because it did not notify the plaintiff of a decision or provide notice to any potentially aggrieved parties). "Such determinations contemplate an adversarial proceeding involving the parties, a hearing on the controverted facts, and an ultimate disposition rendered by an impartial fact finder." *O'Rourke*, 282 Ill. App. 3d at 401. Absent a final administrative decision, the circuit court lacks jurisdiction to consider the matter. *Id*.

¶ 20    Here, plaintiff conceded in the trial court that no hearing was conducted before the Authority and that the report was "not itself a decision." Further, plaintiff's petition for a writ only sought review of the Authority's decision to publish the report and did not challenge the findings in the report. Plaintiff contends that the Authority's use of its discretion to publish the report was reviewable. We disagree.

¶ 21    The Authority was authorized to publish its report under the Guardianship Act. Section 26 of the Guardianship Act provides:

> "Subject to the provisions of Section 19, a regional authority may make

public its findings and recommendations. It shall include in any such public statement any reply made by the State agency, service provider, or other person investigated. The provider or person shall have opportunity to review and object to any proposed public findings and recommendations. If the provider requests, the objections shall be included with public findings and recommendations issued by the regional authority in this matter." 20 ILCS 3955/26 (West 2020).

None of the circumstances discussed in section 19 are at issue here and, thus, publishing is not prohibited. 20 ILCS 3955/19 (West 2020) ("No regional authority may disclose to any person any materials which identify an eligible person unless the eligible person or legally authorized person consents to such disclosure, except if and to the extent that disclosure may be necessary for the appointment of a guardian for such eligible person.")

¶ 22    Plaintiff focuses on the statute's use of the word "may" to indicate that it was within the Authority's discretion to publish its findings but fails to acknowledge that Section 26 does not allow for a hearing on that decision by the Authority. There is no indication that this decision is subject to review or an appeal. No adversarial proceeding occurred in reaching the decision to publish and the statute does not set forth any right to objection from the provider to publication. Despite this lack of an adversarial hearing, plaintiff asserts that the report affected its rights, duties, and privileges because the report would harm its reputation. Once again, we point out that given the absence of the Authority's report on appeal, there is no method to review plaintiff's claim that publication of the report would harm its reputation.

¶ 23    In *O'Rourke*, the plaintiff filed an action against her insurer for refusing to cover a bone marrow transplant as part of her doctor's recommended course of treatment for breast cancer. *Id*. at 397. The insurer denied coverage and found that a bone marrow transplant was "experimental"

and not a plan benefit. *Id*. at 397-98. The plaintiff filed a complaint with the Illinois Department of Insurance (IDI). The IDI reviewed her claim, but did not conduct a formal hearing before determining that the insurer was within its rights to deny the coverage. The IDI then closed the plaintiff's claim and she did not seek reconsideration. She then filed her complaint seeking reimbursement for expenses for the bone marrow transplant and attorney fees under the Insurance Code (215 ILCS 5/155 (West 1994)). *Id*. at 398-99. The insurer filed a motion to dismiss the complaint, which the trial court granted. *Id*. at 399.

¶ 24    On appeal, the insurer argued, in part, that the IDI's review of her complaint precluded the plaintiff from relitigating the claims in the circuit court under the doctrines of *res judicata* and collateral estoppel. *Id*. at 400-01. The reviewing court initially considered whether the IDI's determination on the plaintiff's complaint was a final administrative decision. *Id*. The court pointed out that "the term 'hearing' is appropriate to quasi-judicial proceedings and entitles the parties to be present, to participate, and to obtain records of the proceedings." *Id*. at 401.

¶ 25    The *O'Rourke* court then turned to the relevant sections of the Health Maintenance Organizations Act (215 ILCS 125/4-6 (West 1994)) and observed that the statute did not provide for a hearing, but only an investigation. *Id*. The court noted that the "term 'investigate' is appropriate to a non-judicial function of an administrative agency." *Id*. The court found that no hearing preceded the IDI's determination on the plaintiff's complaint and "no findings of fact were made, no record was created, and no order issued." *Id*. Instead, an insurance analyst with the IDI sent a one-page letter stating that the insurer was within its rights to deny coverage. The reviewing court further observed that the IDI letter "did not indicate in any way that it is a final and appealable agency decision, or that an appeal may be taken within a prescribed period of time." *Id*. at 402. The court regarded the absence of any language about appeal rights in the IDI's

letter "as a further indication that the letter was not intended to be a final and appealable agency determination." *Id.*

¶ 26     The reviewing court further observed that the IDI's letter did not purport to affect the legal rights, duties, or privileges of the parties as set forth in the Administrative Review Law. *Id.* (citing 735 ILCS 5/3-101 (West 1994)). The court pointed out that the IDI's letter was unlike "agency actions which revoke, suspend or deny some license or privilege, affect an entitlement to benefits, determine the applicability of certain rules or regulations, or seek to impose a duty on some party," because no such right or entitlement was affected and no duty created. *Id.* The court thus concluded that the IDI's letter did not qualify as an administrative decision and did not bar the plaintiff's cause of action under the doctrines of *res judicata* or collateral estoppel. *Id.* at 402-03. However, ultimately the court concluded that the plaintiff's complaint was properly dismissed on the merits. *Id.* at 406.

¶ 27     We find the analysis in *O'Rourke* to be instructive. As previously observed, plaintiff is not challenging the contents of the report or the investigation by the Authority, but rather, it is contesting the Authority's decision to make the report public. The statute at issue here, section 26 of the Guardianship Act, does not include language providing for a review or any form of an adversarial hearing to determine whether the report will be made public. No procedure exists under this statute for a provider to challenge the decision to publish a report. While plaintiff correctly notes that the Authority is authorized to conduct a hearing, that authorization is discretionary and such a hearing would be related to an investigation. 20 ILCS 3955/20 (West 2020) ("A regional authority may conduct hearings and compel by subpoena the attendance and testimony of such witnesses and the production of such materials as are necessary or desirable for its investigation."). Nothing in section 20 suggests that the Authority's discretionary right to

conduct a hearing for an investigation extends to its decision to publish its report of findings.

¶ 28    Rather, section 26 allows a provider to submit its objections to the findings in the report and those objections may be included in the public record if the provider so wishes. See 20 ILCS 3955/26 (West 2020); 59 Ill. Admin Code § 310.70(d)(2) ("the regional authority may make public its report of findings, and any recommendations, upon a majority vote of the members in attendance and constituting a quorum at a regularly scheduled or special meeting"). The Authority did not act in quasi-judicial function in issuing a report and deciding to publish the report on its website. Neither of these actions decided a dispute of adjudicative fact. See *Nyhammer*, 2022 IL 128354, ¶ 1. Thus, the Authority acted within the confines of its statutory authority.

¶ 29    Plaintiff relies on a Court of Claims case, *Curry v. State*, 55 Ill. Ct. Cl. 348 (2003), for support. We observe that Court of Claims opinions are not precedential. *Board of Library Trustees of Village of Westmont for Use & Benefit of Ozinga Bros., Inc. v. Cinco Construction, Inc.*, 276 Ill. App. 3d 417, 424 (1995); *Lohan v. Walgreens Co.*, 140 Ill. App. 3d 171, 174 (1986) (observing that the Court of Claims "was created only to receive and process claims against the State; it was not to function as a court adjudicating cases and does not encroach on courts of law").

¶ 30    In *Curry*, the claimant was a nurse who successfully defended an indicated finding of neglect by the Department of Children and Family Services (DCFS) and had the finding expunged from her record. She then sought reimbursement for her legal fees pursuant to section 10-55(a) of the Administrative Procedure Act (5 ILCS 100/10-55(a) (West 2000)). *Curry*, 55 Ill. Ct. Cl at 349. The State argued that: (1) the claimant's license was not directly affected by the indicated neglect finding, and (2) the indicated finding was made following an investigation and

not a hearing. The claims court rejected both arguments. First, the court found that the claimant had her rights, duties, and privileges affected by the indicated finding because that finding had an indirect impact on the claimant's licensing and employment privileges, as well as her "good name and professional reputation." *Id*. at 354-55. The court then held that the final administrative decision occurred after the hearing requested by the claimant and the decision issued by the DCFS director. *Id*. at 355. The court ultimately found in favor of the claimant and awarded her attorney fees and costs. *Id*. at 357.

¶ 31     As noted above, *Curry* is not precedential, and we are not bound by its holding. See *Board of Library Trustees*, 276 Ill. App. 3d at 424. Nevertheless, we find the decision does not aid plaintiff's argument on appeal. First, we point out that *Curry* was governed by the Administrative Procedure Act, not the Administrative Review Law at issue in this case. *Curry*, 55 Ill. Ct. Cl. at 349. Second, the court's analysis supports the Commission's position that no final administrative decision was issued in this case. Plaintiff relies on *Curry* primarily for the Court of Claims's conclusion that the claimant's rights, duties, and privileges were affected by the indicated neglect finding. However, plaintiff fails to reconcile the court's second finding that a final administrative decision was issued by the DCFS director following a contested hearing. *Id*. at 355. Unlike the instant case, a hearing was conducted under the relevant statutory authority and the claimant successfully had the indicated finding expunged. *Id*. at 355. For these reasons, *Curry* is not helpful to plaintiff's position.

¶ 32     In contrast, it is undisputed that no hearing occurred on any controverted facts and no decision affecting plaintiff's legal rights, duties, or privileges was rendered. Rather, the Authority issued a report and provided plaintiff with the opportunity to object and submit a written response. The Authority acted within its discretion pursuant to section 26 of the

Guardianship Act when it decided to publish the report on its website. Absent an adversarial proceeding, no final administrative decision was entered and the trial court lacked jurisdiction to consider plaintiff's petition for a writ of *certiorari*. Moreover, unlike in *Curry*, this court lacks the ability to consider plaintiff's contention that the report affects their rights, duties, and privileges because, as previously observed, the report was not included in the record on appeal.

¶ 33     Since the trial court lacked jurisdiction to review plaintiff's petition, it properly granted the Commission's motion to dismiss. Because our finding on jurisdiction disposes of plaintiff's appeal, we need not address plaintiff's arguments related to the merits of its petition.

¶ 34     Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 35     Affirmed.